. [S. F. No. 6919.   Department One.—April 11, 1916.]

## LOUIS D. STOFF, Respondent, v. IRMA M. ERKEN et al., Appellants.

RECEIVER—EX PARTE ORDER APPOINTING—FAILURE TO EXACT REQUIRED UNDERTAKING.—An *ex parte* order appointing a receiver, without previously exacting of the applicant, as required by section 566 of the Code of Civil Procedure, an undertaking in an amount to be fixed by the court "to the effect that the applicant will pay to the defendant all damages" sustained by defendant if the applicant shall have wrongfully procured the order, is erroneous.

ID.—BILL OF EXCEPTIONS—UNDERTAKING NOT REFERRED TO OR EMBODIED THEREIN.—On an appeal from such order, the court cannot consider an undertaking on file in the lower court, apparently in the form required by section 566, where the bill of exceptions, reciting that the proceedings therein contained constitute all of the proceedings had on the appointment of the receiver, fails to contain such undertaking, or any order referring to or providing for it or fixing its amount.

APPEAL from an order of the Superior Court of the City and County of San Francisco appointing a receiver. George H. Cabaniss, Judge.

The facts are stated in the opinion of the court.

James L. Nagle, and P. B. Nagle, for Appellants.

Louis H. Brownstone, for Respondent.

SHAW, J.—The defendant in this case appeals from an order appointing a receiver.

: The receiver was appointed by an *ex parte* order in an action for the foreclosure of a mortgage.   Section 566 of the Code of Civil Procedure provides that where a receiver is appointed *ex parte* "the court, before making the order, must require from the applicant an undertaking," in an amount to be fixed by the court "to the effect that the applicant will pay to the defendant all damages" sustained by defendant if the applicant shall have wrongfully procured the order.   The record shows that this undertaking was not required as provided by that section.   The only undertaking required by the order appointing the receiver was a

bond to be filed by the receiver, as required by section 567 of the Code of Civil Procedure. The order was erroneous because of the failure to exact any undertaking from the applicant before making it.

The applicant, after the filing of the transcript, procured from the district court of appeal, to which court the appeal was erroneously taken, an order directing the clerk of the superior court to file a certified copy of an undertaking on file in the superior court, which the appellant claims was filed in compliance with section 566 aforesaid. The copy was accordingly filed in this court. It appears to be in the form required by section 566. This does not cure the defect even if we could consider it. The record still fails to show that the undertaking was required by the court below, or that the amount thereof was fixed by the court as the section provides. But we cannot consider this bond at all. The bill of exceptions declares that the proceedings therein contained constitute all of the proceedings had on the appointment of the receiver. It does not contain this undertaking, nor any order referring to or providing for it or fixing its amount. No proceeding was had to correct the bill of exceptions and the copy of the undertaking cannot be considered a part of the record on appeal.

The order is reversed.

Sloss, J., and Lawlor, J., concurred.