[Civ. No. 2696.   Second Appellate District.—June 28, 1918.]

EGBERT VAN ALEN et al., Petitioners, v. SUPERIOR
COURT OF LOS ANGELES COUNTY et al., Re-
spondents.

RECEIVER—APPOINTMENT UPON EX PARTE APPLICATION—FAILURE TO
REQUIRE BOND—VOID ORDER.—An order appointing a receiver in an
action for the foreclosure of a mortgage without requiring the
undertaking provided by section 566 of the Code of Civil Procedure
is void, notwithstanding the default of the defendants, where there
were no allegations in the complaint upon which a receiver could
have been appointed, and no notice given the defendants of the
application for the appointment.

APPLICATION for a Writ of Prohibition originally made
to the District Court of Appeal for the Second Appellate
District to restrain the Superior Court from punishing the
petitioners for contempt of court.   Grant Jackson, Judge.

The facts are stated in the opinion of the court.

Charles L. Evans, for Petitioners.

D. H. Parke, for Respondents.

WORKS, J., pro tem.—In a certain action in the superior
court, brought for the foreclosure of a mortgage, in which
the petitioners here were defendants, an order was made,
after decree of foreclosure, appointing the respondent Kin-
ney a receiver to take possession of the property mentioned
in the decree.   The receiver endeavored to take possession
but the petitioners refused to surrender it, and were cited
to show cause in the superior court why they should not be
punished for contempt.   They are here on a petition for a
writ of prohibition preventing the respondent court from so
punishing them.

It is contended by the petitioners that the order appoint-
ing the receiver is void on various grounds, but one only of
them need be considered.   The petitioners defaulted, as de-
fendants in the foreclosure action, but there were no allega-
tions in the complaint upon which a receiver could have been
appointed.   No notice was given the petitioners of the appli-

cation for the appointment of a receiver. Therefore, considering the form of the complaint, and notwithstanding the default of the petitioners, the application was an *ex parte* one. Section 566 of the Code of Civil Procedure provides: "If a receiver is appointed upon an *ex parte* application, the court, before making the order, must require from the applicant an undertaking, . . . to the effect that the applicant will pay to the defendant all damages he may sustain by reason of the appointment of such receiver. . . . " In the present instance no such bond was required or given either before or after the appointment of the receiver. The order was void. (*Stoff* v. *Erken,* 172 Cal. 481, [156 Pac. 1033].)

A peremptory writ of prohibition will issue restraining the respondent court from punishing the petitioners for contempt.

Conrey, P. J., and James, J., concurred.