## Scott v. Scott.

To authorize a dismissal of an action for divorce or to annul a marriage, brought by a husband, because of a failure of plaintiff to comply with an order for the payment of temporary alimony, such order must have been served on plaintiff personally.

(Opinion filed July 29, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. Plowman, Judge.

Action to annul a marriage contract. Defendant had judgment of dismissal, and plaintiff appeals. Reversed.

The facts are stated in the opinion.

*G. C. Moody* and *W. R. Steele,* for appellant.

It is not contempt of court to fail to pay alimony where one neither has nor can obtain it, and where he has not causelessly either put it out of his hands or failed to receive it. Wightman v. Wightman, 45 Ill. 167. Service of the order upon the attorneys is insufficient. § 5337, Comp. Laws; Johnson v. Superior Court, 63 Cal. 578; Hennessey v. Nicol, 38 Pac. 649.

*Martin & Mason,* for respondent.

If the husband is plaintiff, and either will not or cannot provide his wife with the funds with which to properly defend herself, the court may either suspend or dismiss the action. 2 Bishop, M. D. & S. §§ 981, 1095, Purcell v. Purcell, 3 Edwards Chap. 194; Peel v. Peel, 50 Ia. 521; Winter v. Superior Ct., 70 Cal. 295; Thayer v. Thayer, 9 R. I. 380; Casteel v. Casteel, 38 Ark. 477. Service of copy of an order which the party refuses to obey need not be had on him if he was in court when it was made. *Ex parte* Cottrell, 59 Cal. 417 See also, Pitts v. Davidson, 37 N. Y. 235; DeBemer v. Drew, 57 Barb. 446; Beach v. Beach, 6 Dak. 371; Petrie v. Petrie, 40 Ill. 334. The appellate court will not consider matters for review unless they were brought distinctly before the court below. Gaines v. White, 2 S. D. 410, 50 N. W. 901; McLaughlin v. Wheeler, 1 S. D. 497, 47 N. W. 816.

HANEY, J.   This action is to annul a marriage.   Defendant answered, and obtained an order requiring plaintiff to pay temporary alimony, with which he failed to comply, and his complaint and action were dismissed.   From the judgment of dismissal he appeals.

The order requiring temporary alimony directed service to be made upon plaintiff's attorneys; the judgment of dismissal recites that service was so made; and, as we understand the record, neither of the orders or rules to show cause which resulted in such judgment was personally served upon defendant. Following Larson v. Larson (S. D.), 67 N. W. 842, wherein it was held that "an order or judgment requiring the payment of temporary alimony or counsel fees must, by the law of this state, be served upon the party against whom the same is awarded, before he can be brought into contempt for a refusal to comply therewith," this judgment must be reversed, and the case remanded for further proceedings according to law.