[S. F. No. 1609. Department One.—June 1, 1899.]

CAROLINE HUELLMANTEL, Respondent, v. BERNARD HUELLMANTEL et al., Appellants.

DIVORCE—ALIMONY—FRAUDULENT CONVEYANCE BY HUSBAND—CANCELLATION—SUBJECTION TO LIEN OF WIFE.—In an action for a divorce and alimony, a conveyance by the husband found to have been made in fraud of the rights of the wife, should not be canceled by the decree, where it is not questioned by the parties thereto, but the interest of the grantees may be adjudged subject to the lien of the wife thereupon for alimony, counsel fees, and legitimate costs, and to her right to have the premises sold to pay the several sums found due to her by the decree.

ID.—CLAIM DUE TO BUILDER—AGREEMENT FOR SHARE OF NET INCOME—SUBORDINATION TO WIFE'S LIEN.—A builder, who, many years prior to the action for divorce and alimony, had erected a building and made other improvements upon the premises upon which the wife's lien for alimony was adjudged, under a contract with the husband that the builder was to receive one-half of the net income of the property until paid, but without any reservation of right to remove the building, or the taking of any mortgage upon the property, has no interest therein or lien thereupon, and his claim for unpaid indebtedness against the husband, though not litigated or concluded by the enforcement of the wife's lien for alimony upon the premises, is subordinate thereto, and cannot affect her rights.

ID.—HOMESTEAD—SEPARATE PROPERTY OF HUSBAND—ALIMONY IN LIEU OF WIFE'S CLAIM—LIEN.—Where the wife had declared a homestead upon the separate property of the husband, the court may set it apart to her for a limited period upon granting a divorce in her favor; but it is not compelled to do so, and may, in lieu thereof, adjudge a specific sum for permanent alimony, and charge it as a lien upon the premises.

ID.—EFFECT OF DECREE UPON TITLE.—The effect of the decree awarding a sum of alimony in lieu of the wife's interest in such homestead is to leave the title to the property in the husband freed from the homestead, though not specifically assigned to him under section 146 of the Civil Code.

ID.—ENFORCEMENT OF LIEN—RECEIVER—COLLECTION OF RENTS—SALE OF PROPERTY.—Under sections 139 and 140 of the Civil Code the court may make the wife's alimony a lien upon the husband's estate, and may enforce the lien by appointing a receiver to collect the rents and profits, and to proceed to sell the property and pay the several sums adjudged to be due to the plaintiff.

ID.—NOTICE OF APPOINTMENT OF RECEIVER—PRESUMPTION UPON APPEAL. The cases are exceptional in which a receiver may be appointed ex parte, and as a rule a receiver ought not to be appointed

without notice, or without the clearest proofs of the propriety of the appointment. But where there is nothing in the transcript on appeal to show that the appointment of a receiver to enforce the judgment was made without an application or without notice, it must be presumed in support of the judgment that the court acted upon due application and after notice to the defendants.

ID.—COSTS—FORMER APPEAL.—It is error in awarding judgment to the plaintiff, after a second trial, to include the costs of a former appeal upon which costs were awarded to the defendant.

ID.—COSTS OF FORMER TRIAL—FEES OF REFEREE—INTEREST.—The costs incurred by the plaintiff upon the former trial, including the fees of a referee, which are properly part of the costs, should be allowed and form part of the final decree; but no costs of the former trial should carry interest.

ID.—INTEREST UPON UNPAID ALIMONY.—In the final decree, interest at the rate of seven per cent per annum, without compounding, upon unpaid alimony allowed in a former decree, may be allowed from the date of maturity of each installment, and upon unpaid counsel fees from the date of the former decree to the date of the final decree.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion.

A. Morgenthal, for Appellants.

M. Cooney, for Respondent.

CHIPMAN, C.—Divorce. The case was here on appeal once before, and was remanded, with directions that "all that part of the judgment which undertakes to determine and dispose of the real property described in the complaint is reversed, and as to all that part of the judgment the order denying a new trial is reversed and a new trial is ordered." The decree granting plaintiff a divorce and alimony and counsel fees, and the order refusing new trial as to this part of the decree, were affirmed. (*Huellmantel v. Huellmantel*, 117 Cal. 407.) At the time of his marriage with plaintiff defendant Huellmantel was the owner of a certain lot of land in the city of San Francisco. Upon the front part of this lot there is a three-story building which had generally been rented to tenants, and on the rear part of the lot there is a smaller house in which the husband

and wife resided. After the marriage, to wit, on April 6, 1889, plaintiff filed a homestead claim upon the whole lot. Defendants Francis and Rosalia Steffen claim ownership of the lot under deed from defendant Huellmantel dated February 14, 1891. Plaintiff alleges in the amended complaint, and the court found, that this deed was fraudulent and was given to defeat plaintiff's homestead right. Defendant Scholten alleges in his answer that in 1876, at defendant Huellmantel's request, he erected at a cost to him of $4,800 the building situated on the front portion of said lot, and also made other improvements aggregating in value $1,200, and also loaned defendant Huellmantel in that same year $600 in money; that on August 23, 1877, to secure the payment of these several amounts, defendant Huellmantel entered into a written agreement with said Scholten whereby the latter had an interest in said property to the extent of said sums due from said Huellmantel, and that by this agreement Scholten was entitled to receive one-half of the net income of said property until said indebtedness of said Huellmantel was paid; this agreement was recorded on January 22, 1878; Scholten claims that there is due him for rents and unpaid portions of said indebtedness and for interest the sum of $8,600. By stipulation of the parties the cause was tried upon the evidence contained in the former transcript relating to the property described in the complaint, and upon such further evidence as either party might introduce.

The decree annuls and cancels the Steffens deed and adjudges that neither one of the Steffens has any interest in the property. It also adjudges that plaintiff recover the sums following: $730 from defendant Huellmantel, the amount due under the former orders and decree of the court as alimony, "with interest thereon in the sum of fifty-three dollars," in all, $783; "that plaintiff recover from the defendant Huellmantel . . . . $1,000 permanent alimony, in full of all future claims upon defendant Huellmantel for support, in lieu of her claim and right of homestead"; from defendant Huellmantel to recover the further sum of $650, counsel fees awarded under former orders, "with eighty dollars interest thereon to date of this decree, amounting in all to $730; from defendants Huellmantel, the Steffens, and Scholten, $118 costs allowed on the former trial,

with twenty dollars interest to date of this decree, in all, $138; from these last-named defendants $478 referee's fees and costs in said action, including interest (not stated separately) to date of this decree"; from these same defendants all the costs in the action since the entry of the former decree in April, 1895; from defendant Huellmantel, $234, "costs incurred by her and charged against her upon the appeal of the defendants to the supreme court."

The decree adjudges that plaintiff has a lien upon the premises for all the foregoing amounts, and that none of the defendants except Huellmantel has any interest in said premises and are entitled to no relief in the action; orders the sale of the property at public auction, and appoints a receiver to take possession of the property and collect rents and profits thereof, to conduct the sale of the property, receive the proceeds, and pay the several amounts above awarded to plaintiff.

Defendants Huellmantel, the Steffens, and Scholten appeal from the judgment and from an order denying motion for a new trial.

1. Appellants claim that the rights of the defendants, the Steffens, under their deed of February 14, 1891, were determined by the first appeal and must be deemed to be the law of the case. The court did determine upon the evidence as it then stood what these rights appeared to be, but the court directed that "all that part of the judgment which undertakes to determine or dispose of the real property described in the complaint is reversed, and as to all that part of the judgment the order denying a new trial is reversed and a new trial ordered." The effect of this decision was to remand the whole question of property rights to be retried. In the first appeal it was found that the deed to the Steffens was fraudulent and void, and it is again so found upon substantially the same—certainly as strong—evidence favorable to the validity of the deed. It was held here then that "the deed was not void as between appellant Huellmantel and the Steffens as to the land not a homestead." The former decree ordered the Steffens to reconvey to appellant Huellmantel, and this was held error. The last decree does not order reconveyance, but the court found as conclusion of law that the Steffens "have no right, title, or interest in or to said

property, or any part thereof," and the decree adjudges that the deed "be and is hereby canceled . . . . and the said grantees therein named have not now, and shall not have or claim or take, any right . . . . by virtue of said deed," and "that neither of the defendants, except the defendant Huellmantel, has any interest in said property, and they are not entitled to any relief in this action." There is no ground for this portion of the decree, so far as it affects the Steffens. Neither appellant Huellmantel nor the Steffens object to the validity of the conveyance from the former to the latter; and we do not think the court could do more than make the interest of the Steffens subject to the lien of plaintiff's judgment, and this much the evidence fully justifies. It was so held before, and the rights of the Steffens remain the same as between them and appellant Huellmantel.

2. The court decreed that Scholten has no interest in the property, and "that his claim is without merit, and that he has no lien on the said real estate or any part thereof." The evidence shows that Scholten built, at the cost to him of $4,800, the front building on the premises in 1876-77, pursuant to the contract pleaded by him; and that for many years he collected one-half the rents of the building to be applied under the contract; and took out insurance policies, loss payable to himself; that plaintiff knew of his claim before she married defendant; and that he still has a claim for an unpaid balance, which defendant Huellmantel does not dispute. Scholten took no mortgage upon or deed to the property as security, and his agreement is, in effect, merely an evidence of Huellmantel's indebtedness to him. It appeared by the evidence that the building erected by Scholten became part of the realty, and no right to remove it was reserved to Scholten. We think that the findings and decree as to Scholten's interest in the property were warranted by the evidence, so far as the agreement affected the rights of the plaintiff, but they must not be regarded as in any way to have concluded Scholten in the future should he undertake to enforce his claim of Huellmantel's indebtedness to him. As between them their mutual rights were not litigated in this action.

3. The court in the former appeal held that the homestead

could not be set apart absolutely to plaintiff, but only for a limited period, the property being the separate estate of the husband. (Civ. Code, sec. 146, subd. 4.) The lower court in the last trial found that a homestead had been duly declared by plaintiff. The twenty-third finding of fact is as follows: "That besides the amounts referred to, the court finds that the sum of $1,000 is a reasonable amount to be allowed and awarded to the plaintiff, as and for permanent alimony, in lieu of homestead and all other claims upon defendant."

The court at the first trial awarded $15 per month, payable monthly, as permanent alimony, which judgment of award was affirmed on the first appeal. At the last trial, the court found that no part of this had been paid and that it amounted at the date of the last decree to $730, for which judgment is given with interest of $53. The fifth paragraph of the last decree is as follows: "That the plaintiff have and recover from the defendant Huellmantel and she is hereby awarded the additional sum of one thousand dollars ($1,000) permanent alimony, in full of all future claims upon the defendant Huellmantel for support, and in lieu of her claim and right of homestead." The effect of the decree is to leave the title to the property in defendant Huellmantel freed from the homestead, although the court did not directly and explicitly assign it to the former owner as section 146 directs the court to do if not assigned for a limited period to the innocent party. (*Burkett v. Burkett,* 78 Cal. 310; 12 Am. St. Rep. 58.) It is quite clear that the court awarded this additional permanent alimony to plaintiff in the place of the continuing allowance of $15 per month allowed in the first decree, and instead of any interest in the homestead. This we think the court could do under section 139 of the Civil Code. The court was not compelled to assign the homestead to plaintiff for a limited period.

4. It is objected that the court by the decree and upon its own motion appointed a receiver and directed him to take possession of the property, collect the rents and profits, and proceed to sell the property and pay the several sums adjudged to be due the plaintiff. The authority on which the decree rests is section 140 of the Civil Code. The evidence showed that defendant Huellmantel has never paid any part of any of the sums

awarded plaintiff by the first decree, and that defendant has enjoyed the use and rentals of the property since this action was begun in June, 1894; the evidence also tends to show that defendant Huellmantel conveyed the property to his daughter by a former wife and to his son-in-law, the Steffens, without consideration, to "prevent his wife from getting any part or any interest in it." At the time the deed was made to the Steffens there was trouble in the family, and plaintiff had left her husband. We think that the purpose for which the receiver was appointed was such as is contemplated by the code. (*Petaluma Sav. Bank v. Superior Court*, 111 Cal. 488.) The question, however, remains whether the receiver was properly appointed. A receiver ought not to be appointed except upon the clearest proofs of its propriety, nor without the application of some one of the parties, and generally not without notice. Such appointment is allowable under certain circumstances *ex parte* upon proper showing (High on Receivers, sec. 111, *et seq.*); but the cases are exceptional. There is nothing in the transcript to show that the court acted on its own motion and without the application of plaintiff or notice to defendants. In support of the judgment we must presume that the court acted upon due application and after notice to defendants. If such was not the fact it was the duty of defendants to so show by their statement or by bill of exceptions.

5. Error is assigned as to certain sums awarded as costs and as to interest allowed thereon, and as to interest allowed on alimony and counsel fees awarded at the first trial. We find it impossible to reconcile the findings and decree upon all these matters, and to make them conform to the situation at the going down of the *remittitur* on the first appeal. Costs were awarded to appellants on that appeal, but these costs thus allowed included only the costs on the appeal and did not include the costs at the first trial. The decree, however, includes these costs on appeal which were awarded defendants, and judgment is given against Huellmantel for them. This was error. Plaintiff is entitled to recover interest at seven per cent per annum, without compounding, upon the sums awarded by the first decree as follows: 1. Upon the allowance for attorneys' fees as originally made, from the date of the decree; 2. Upon the in-

stallments allowed as alimony, from the date of each, as they accrued, interest to be computed to date of last decree, but in no case interest upon interest. No interest should be allowed on the costs of the former trial, and there should be deducted therefrom the costs in this court on the first appeal. All other items of cost attend the trial and should form a part of the final decree, including referee's fees, which are part of the costs and should not carry interest. The first, second, and eleventh paragraphs of the decree should be modified by striking out those parts purporting to cancel and annul the deeds therein referred to, and by providing that the said parties have not any right to or claim upon the premises superior to the lien of plaintiff thereon as in the decree declared, and that their and each of their rights and interest are subordinate to the lien of plaintiff and her right to have the property sold to pay the several sums found to be due her by the decree.

The cause should be remanded, with directions to modify the decree in accordance with this opinion, and when so modified to stand affirmed as of the date when entered. The defendants, the Steffens, should recover their costs of appeal, and plaintiff should recover all other costs of appeal.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the cause is remanded, with directions to modify the decree in accordance with this opinion, and when so modified to stand affirmed as of the date when entered. The defendants the Steffens to recover their costs of appeal and plaintiff to recover all other costs of appeal.        Van Dyke, J., Garoutte, J., Harrison, J.

Hearing in Bank denied.