[L. A. No. 8935. In Bank.—March 25, 1929.]

MARY W. WEST, Appellant, v. AMOS L. WEST, Respondent.

Robert A. Morton for Appellant.

Todd, Pawson & Watkins for Respondent.

RICHARDS, J.—The plaintiff commenced this action against her husband, the defendant, for divorce, alleging as the basis for the action the infliction upon her by the defendant of grievous bodily injury and grievous mental suffering amounting to extreme cruelty. She further alleged that she and the defendant were the owners and possessed of a large amount of community property, a portion of which consisted of real estate of the value of $7,500, which had theretofore been occupied by them as their family residence; and of personal property, consisting largely of promissory notes secured by mortgages, amounting in value, according to the information and belief of the plaintiff, to a sum in excess of $150,000; and that the defendant had also as his separate estate certain other personal property of a like character, alleged to be of a value in excess of $40,000, and from which community and separate estate he was deriving an income in excess of $1,000 per month. The plaintiff further alleged herself to be without any means for her support and maintenance and without the necessary means for the maintenance of her said action. She prayed that the bonds of matrimony existing between herself and the defendant be severed; that the real property and dwelling thereon be assigned to her; that the remaining community property be divided between herself and the defendant in such proportion as the court should deem

just; that the defendant be required to pay such sum as the court should deem reasonable for the support of plaintiff during the pendency of this action and thereafter during her natural life, and that the defendant be further required to pay plaintiff's attorneys' fees and the costs and expenses incident to the prosecution of her said action. To this complaint the defendant filed an answer, denying the averments thereof as to any alleged cruelty on his part. He admitted the ownership of the dwelling-house property and the alleged value thereof, but denied that the same was community property, and, on the contrary, alleged that it and all of the other personal property of which the plaintiff alleged defendant to be the owner were his separate property. The prayer of his answer was that plaintiff take nothing by her said action. Subsequent to the filing of said answer the plaintiff, by leave of court, presented an amended and supplemental complaint, wherein she changed the nature and purpose of her action from one for divorce to one for separate maintenance. She repeated and amplified her averments with respect to the defendant's various acts alleged to amount to extreme cruelty. She also repeated and amplified her averments with respect to property, alleging the dwelling-house to be of the cost value of $12,500, repeating her allegations as to the amount and value of the personal property held in possession by the defendant, and in addition thereto alleging that the defendant was concealing and refusing to reveal to the plaintiff the exact nature and value of said last-named properties, and was conveying and transferring large portions thereof to persons unknown to plaintiff, with the intent and purpose of depriving the plaintiff of her rightful share and interest therein, and was also conspiring to transfer a large part of said property beyond the jurisdiction of the court, with a view to rendering any judgment which might be made in respect thereto ineffectual. She therefore prayed for a decree of separate maintenance and that she be awarded the dwelling-house property and the furnishings thereof, and that the court award for her support and maintenance the sum of $500 per month together with her costs and counsel fees incurred in the action. She further prayed for a restraining order preventing the defendant from concealing or disposing of any

portion of the community property or from removing the same outside the state of California, and that in order to render said restraining order effectual the defendant be required to deposit a sufficient amount of said community property and personal property as security for whatever sums the court might award her by way of separate maintenance, and for such other relief as might be meet in the premises. The defendant responded to this amended and supplemental complaint with a cross-complaint, alleging desertion on the part of the plaintiff, and otherwise repeating by reference the averments and denials of his aforesaid answer, except that he expressly admitted that the family dwelling place was community property. The cause came to trial upon the issues as thus reframed, and, upon the completion thereof, the court made its findings of fact and conclusions of law wherein, upon the issue of cruelty, the findings of the court were in the plaintiff's favor, and upon the issue of the plaintiff's desertion of the defendant were also in her favor. Having thus found that the plaintiff was entitled to a decree for separate maintenance, the court, in its findings, proceeded to deal with the issues affecting the property rights and interests of the parties to the action. In so doing the court found that the family dwelling-house was community property of the parties and awarded the same, together with the furnishings thereof, to the plaintiff in fee. The court further awarded to the plaintiff for her support and maintenance the sum of $250 per month, payable monthly, until the further order of the court. As to the remaining properties of the parties the court proceeded to make specific findings to the effect that all of said properties, amounting approximately to a value of $120,000, were the defendant's separate property; that at the time of the marriage of the parties in the state of Missouri in the year 1901, in which state the parties then resided, the defendant was possessed of real and personal property of the value of not to exceed $45,000 and which property was his separate estate and so continued to be down to the time of the removal of the parties to California in the year 1919; that the said property of the defendant and the accretions thereof while the parties continued to reside in the state of Missouri were the separate property of the

defendant, subject only to certain dower rights existing in the wife under the laws of said state; that upon removing to California the defendant either brought with him or shortly thereafter sent for said property, which, with its accretions, amounted at that time approximately to a valuation of $100,000, and which latter sum the defendant invested in a loan and mortgage business in the city of Long Beach, to which he gave his personal attention, and which at the time of the institution of this action amounted approximately to a valuation of $120,000. The court further found that the defendant was threatening to make such disposition of said property as would prevent the same becoming or being made available for the plaintiff's support and maintenance and that in order to insure to the plaintiff the payment of such sums as had been thus awarded to her it was necessary that an amount of the properties of the defendant equivalent to a face value of $50,000 be impounded, and that for that purpose a receiver be appointed to take possession of so much of the properties of the defendant as would represent such valuation, and to pay the plaintiff from the increment thereof the sum of $250 per month for her support and maintenance until the further order of the court. The court, in its conclusions of law, further concluded that as to the properties thus impounded the receiver upon the death of the plaintiff or further order of the court should return the same to the defendant, his heirs or assigns. The judgment of the court followed its foregoing findings of fact and conclusions of law. Thereafter the plaintiff moved to vacate the judgment upon the ground that the conclusions of law upon which the same was predicated were not sustained by the findings of fact in so far as the same related to the property interest of the respective parties. Wherefore plaintiff moved that the court should make and enter its conclusion of law to the effect that the entire property held in possession by the defendant was community property and should make and enter its judgment in accordance with such substituted conclusions of law. The court upon the hearing upon said motion denied the same. The plaintiff's motion for a new trial was also denied. Whereupon plaintiff gave notice of her appeal to this court from that portion of the judgment wherein

it was adjudged and decreed that the personal property, and the whole thereof as set forth in the findings of the court, was the defendant's separate estate. The plaintiff further appealed from that portion of the judgment directing the return of the impounded properties of the defendant to him or his heirs or assigns upon the plaintiff's death or further order of the court. Said appeal was taken and is presented to this court upon a bill of exceptions which embodies practically the entire evidence in the case.

The main contention of the appellant herein is to the effect that that portion of the findings and judgment of the trial court wherein it was undertaken to find and to adjudge the status of that portion of the properties involved in this action, other than the real property comprising the dwelling place of the parties, to be either the community or the separate property of the spouses was an immaterial issue in the instant action, and was, therefore, an issue which the trial court had neither the power nor the duty to determine, and, hence, that the findings and judgment of the trial court determining that the defendant was the owner and entitled to the whole of said personal property as his separate estate should be reversed on this appeal. We are of the opinion that the appellant herein is correct in this contention. This action, as finally framed by the plaintiff herein, is an action for separate maintenance, and for that form of relief alone, in so far as the plaintiff is concerned. In her amended and supplemental complaint herein, while the plaintiff alleges that all of the property, both real and personal, held and possessed by the defendant constitutes community property, she only seeks to have that portion thereof which is described as the "home place" set apart to her in fee. As to all of the rest of said property she asks for no further relief than that out of the proceeds thereof she be awarded separate maintenance in the form of permanent alimony, amounting to $500 a month; and in order to secure the payment of such sum she asks for the sequestration in the hands of a receiver of a sufficient quantity of said personal property to assure the regular payment to her thereafter of her required support. Upon such a pleading upon the wife's part it would seem clear that the question as to

whether the personal properties referred to in her said amended and supplemental complaint are the community properties of the parties to the action or are the separate properties of the husband would be an immaterial issue for the reason that no determination thereof is necessary; and for the further reason that under the provisions of sections 137, 140 and 141 of the Civil Code the trial court, in cases for separate maintenance, is given power to enforce its orders in that regard by recourse either to the community property of the spouses or to the separate property of the husband, and in the exercise of such power had authority to compel obedience to its said orders by the appointment of a receiver or by any other remedy applicable to the case. It is thus apparent that in so far as the plaintiff is concerned and in so far as it was necessary to make an award to her of the precise relief she sought, the trial court was not required to make any determination as to whether the personal property referred to in her pleadings herein was as to any portion thereof community property or was as to the whole thereof the separate property of the defendant. ■ When we turn to the pleadings of said defendant we find that while it is true that he presented a cross-complaint seeking a divorce from the plaintiff upon the ground of desertion and in said cross-complaint averred that the only community property of the parties consisted of the dwelling-house property or the "home place," he made no other averment as to the status of the remaining properties and as to such properties sought no affirmative relief. It thus appears that as to the pleadings of the defendant and cross-complainant herein no triable issue was presented as to whether the personal property held or possessed by said defendant was or was not his separate estate. And even if such issue could be held to have been presented by the application in his cross-complaint for general relief, the trial court by its denial to him of a divorce upon the ground sought relieved itself of the necessity or duty of making any determination as to the status of said property, and as to whether or not the same or any portion thereof was community or separate estate. Such being the nature of the action, such the pleadings of the parties

and such the determination of the court as to the relief to which each or either of said parties was entitled, the question as to whether the personal properties sought to be involved in said action were, as to the whole or any portion thereof, the community properties of the parties or the separate property of the husband was one which the trial court was not called upon to determine in order to grant the plaintiff the full relief which she sought and obtained; and this being so we are constrained to hold that it was beyond the power of the trial court in this action and in respect to the material issues presented therein to find and to determine by its decree, that the whole of the personal properties referred to by the pleadings herein constituted the defendant's separate estate, to the ownership of which he was declared to be entitled by the findings and decree of the court. The question as to the status of said property involving, as it does, a number of interesting problems of both law and fact, we do not for the foregoing reasons feel called upon to consider or determine in this limited form of action, and upon the present appeal.

As to appellant's further contention that the trial court was in error in that portion of its judgment wherein it was, in substance, decreed that upon the plaintiff's death, or upon other or further order of the court, the receivership provided therein should cease, we find no merit in this contention, since in the event of the appellant's death the provisions of the trial court with regard to her separate maintenance and the award of alimony would cease to be effective and the same result would follow upon the making of any later order by the trial court materially modifying its former direction in that regard; and thus in either event the trial court would retain, as in fact it did retain by that portion of said judgment, full power to restore to the defendant the aforesaid property regardless of whether he now held or was thereafter to hold the same as community property or as his separate estate.

It follows from the foregoing that as to that portion of the conclusions of law and judgment of the trial court which purport to determine the status of the personal properties referred to therein and to find and decree that the same and the whole thereof are separate property of

the defendant herein, the said judgment is reversed and as to all other portions thereof the judgment is affirmed.

Shenk, J., Curtis, J., Preston, J., Langdon, J., Seawell, J., and Waste, C. J., concurred.