SCHUMMER, Appellant, v. SCHUMMER, Respondent.

(248 N. W. 492.)

(File No. 7519. Opinion filed May 15, 1933.)

*Empey & Wickersham,* of Rapid City, for Appellant.

*Atwater & Helm,* of Stugis, for Respondent.

RUDOLPH, P. J. This is an appeal from an order allowing the wife, a defendant in a divorce action instituted by the husband, an allowance to defend the action. The order is an appealable order. Section 166, Rev. Code 1919; Williams v. Williams, 6 S. D. 284, 61 N. W. 38; Drake v. Drake, 27 S. D. 329, 131 N. W. 294; Hesnard v. Hesnard, 45 S. D. 285, 187 N.

W. 162. The order provides: "That as a condition precedent to the hearing of said cause the plaintiff pay to the defendant or her attorneys the sum of $100 as and for disbursements and expenses of trial."

■ The appellant first complains of the order "for the reason that the same is excessive and an abuse of discretion." The appellant contends that, prior to the entry of this order, other orders had been entered allowing temporary alimony and suit money, and that, in view of the other orders, this order is unreasonable. The appellant has not set forth any of the other orders, nor any of the affidavits upon which the orders were granted, and neither has he set forth any of the affidavits upon which the present order is based. We are of the opinion that nothing is before this court, so far as amount of allowance is concerned. Section 3149 provides: "The appellant's brief shall contain a statement of errors assigned upon appeal, together with a clear, concise and condensed statement of the contents of such parts of the record as may be necessary to present fully to the appellate court the errors assigned and to show that they are prejudicial to appellant." There has been no attempt to comply with this section of our statute or with the rules of this court.

■ The appellant next complains that the court was without jurisdiction to make the payment of the money a condition precedent to the trial of the case. We are unable to agree with this contention of appellant. The trial court has determined that the amount ordered to be paid is reasonable, and we are now bound by that determination. This court, in the case of Larson v. Larson, 9 S. D. 1, 67 N. W. 842, 843, while not passing directly upon the question here involved, expressed disapproval of striking an answer of a contumacious defendant, but said: "It has been held in a number of recent and well-considered cases that proceedings may be stayed or relief denied so long as a plaintiff is in contempt for a failure to pay temporary alimony." See, also, Williams v. Williams, supra. Whether the court should strike the answer because of a defendant's failure to comply with the allowance made by the court as temporary alimony or suit money, we need not now decide. Under practically all of the authorities, the court is authorized to refuse to proceed any further with the litigation until an

order for payment of counsel fees or temporary alimony is complied with by the plaintiff. Winter v. San Francisco Superior Court, 70 Cal. 295, 11 P. 633; State v. King County Superior Court, 85 Wash. 607, 148 P. 882, L. R. A. 1915E, 567; Reed v. Reed, 70 Neb. 779, 98 N. W. 73, 76; Harney v. Harney, 110 App. Div. 20, 96 N. Y. S. 905; Waters v. Waters, 49 Mo. 385; Wright v. Wright, 6 Tex. 29; Brinkley v. Brinkley, 47 N. Y. 40. The rule is well stated in the case of Reed v. Reed, supra: "The court in this case was open to the plaintiff for the trial of his cause whenever he complied with its reasonable rules of practice and its orders properly made in the process of the litigation. It cannot be successfully contended that a plaintiff may have a trial of his cause without regard to rules of practice, to forms or precedents, or the reasonable methods of procedure adopted by the courts. In order to guaranty the plaintiff a speedy trial, and that justice should be administered to him without denial or delay, our courts must be held to have the inherent power to enforce their reasonable orders, for without such power an attempt to administer justice would inevitably result in a failure to accomplish the end sought. It was within the power of the court to require the plaintiff to comply with its order before permitting him to proceed with the trial."

It might be that under the rule announced in Larson v. Larson, supra, and Scott v. Scott, 9 S. D. 125, 68 N. W. 194, personal service on the plaintiff of the order here involved would be necessary before the court would be authorized to refuse to proceed with the trial of the case because of the failure of the plaintiff to pay. However, the question is not here involved. This is an appeal from the order requiring the payment and making the payment a condition precedent to further proceeding, and the only question involved is the jurisdiction of the court to make such an order. We are of the opinion the court has jurisdiction to make such an order; whether the court could refuse to proceed with a trial of the case, if the order had not been served upon the plaintiff, is a question not here involved.

The order appealed from is affirmed.

POLLEY, CAMPBELL, ROBERTS, and WARREN, JJ., concur.