[Civ. No. 8940. First Appellate District, Division One.—November 29, 1933.]

IDA MAE NICHOLS, Respondent, v. CHARLES WADS-WORTH NICHOLS et al., Defendants; FIRST TRUST & SAVINGS BANK OF PASADENA (a Corporation), Appellant.

Frank McNulty for Appellant.

Wilton W. Webster for Respondent.

JAMISON, J., *pro tem.*—This action was brought by plaintiff against defendant Charles Wadsworth Nichols for a divorce on the ground of extreme cruelty.

The complaint was filed on April 18, 1931. It alleges among other things that there is community property belonging to plaintiff and defendant Nichols of the value of $100,000, consisting of their home, a confectionery store and restaurant, and a candy store, located in Pasadena, California; also a certain mortgage executed in favor of the said defendant Nichols by defendants Spalding for the sum of $12,000, and other property; that plaintiff has no means or funds for the support of herself or to pay attorney's fees and court costs; that said defendant has an income of $10,000 per annum from said community property and is amply able to pay plaintiff a reasonable

amount for her support and for her attorney's fee and court costs. It is further alleged that said defendant for the purpose of defrauding plaintiff and with the intent of concealing the ownership of their said home caused it to be conveyed to the defendant First Trust & Savings Bank of Pasadena, as trustee of defendant, and that said trustee is now the owner and holder of the legal title to said real property. It is further alleged that defendant Nichols, ever since he deserted plaintiff in July, 1930, has constantly absented himself from the state of California and remained outside of its jurisdiction for the purpose of causing the liquidation of all of said community property, securing same for himself and taking same beyond the jurisdiction of this state, and defrauding plaintiff and depriving her of any portion thereof; that he is negotiating the sale of all of said property and the collection of said mortgage, and that unless the said Spaldings be restrained from paying the said amount of said mortgage to said Nichols, and unless the defendant First Trust & Savings Bank of Pasadena be restrained from transferring said real property, the amounts realized from said mortgage and said real estate, and the entire value thereof, will be turned over to the said Nichols and be by him removed from the jurisdiction of this state. Plaintiff asked for the appointment of a receiver to take charge of said community property pending the outcome of this action, and that the said Spalding be restrained from paying the said note or any part thereof to the said defendant Nichols, and that the First Trust & Savings Bank of Pasadena be restrained from conveying or transferring the said community real estate to the said defendant Nichols.

The only witnesses produced at the hearing of the order to show cause were produced by plaintiff. One of these was Volney Ayers Spalding, who testified that in October, 1928, he borrowed $12,000 from defendant Nichols and gave him his note therefor, signed by himself and wife, secured by a mortgage on real estate, and that said note had not been paid. The other witness was the plaintiff, who testified that she did not know where her husband was; that he abandoned her on July 26, 1930, and has failed to furnish her support since that time; that she has no funds for her support and no property from which she can procure funds for support, nor funds to prosecute this action.

The defendant First Trust & Savings Bank of Pasadena appeared by its attorney, who stated in open court that the bank held the said real estate in trust for the following purposes: that said property had been conveyed to it pursuant to a written declaration of trust; that said trust reserved to defendant Nichols a life estate in the property; that upon his death the remainder was to go to his son, but it expressly provided that said Nichols reserved the right to revoke the trust at any time he chose in whole or in part, without assigning any reason therefor.

The order to show cause came on for hearing before the trial court and the said court made its order that during the pendency of this action the First Trust & Savings Bank be enjoined and restrained from conveying to said defendant Nichols the aforesaid property. It also made an order appointing a receiver to take charge of said community property. From the order appointing a receiver the First Trust & Savings Bank has appealed. Appellant contends that the trial court was without jurisdiction to make said order for the reason that notice of the said proceeding had not been given defendant Nichols; that the court erred in making the said order because the complaint does not state sufficient facts to constitute a cause of action, and that there was no evidence before the court justifying the appointment of a receiver.

█ It is elementary that an appellant is entitled to assign for error only such proceedings in the trial court as injuriously affect him, without regard to the errors of which others might complain. He cannot, on his appeal, urge errors which affect only his coparties who do not appeal, and such errors can be reviewed only at the instance of the parties affected thereby. (2 Cal. Jur. 840–842; *Dobbs* v. *Purington,* 136 Cal. 70 [68 Pac. 323].) He is also precluded from urging defects in the complaint affecting only a co-defendant who does not appeal and who was not served with copies of the pleadings. (2 Cal. Jur. 843, 844; *McGary* v. *DePedrorena,* 58 Cal. 91; *Adams* v. *Hopkins,* 144 Cal. 19 [77 Pac. 712].) Upon this appeal the appellant can rely only upon the alleged errors of the trial court by which it is aggrieved (sec. 938, Code Civ. Proc.), or by reason of which its rights have been injuriously affected. (*Goldtree* v. *Thompson,* 83 Cal. 420 [23 Pac. 383].)

■ Appellant contends that the court was without authority to appoint a receiver. The order of the court recites that the matter was submitted to the court upon the evidence introduced and the verified complaint, and upon this showing the court appointed the receiver. Although this appointment was made *ex parte,* the bond required by section 566 of the Code of Civil Procedure in cases where a receiver is appointed *ex parte* was executed by respondent. Section 140 of the Civil Code provides for the appointment of a receiver in divorce cases, and this appointment may be made *ex parte* where the facts justify such appointment. (*Huellmantel* v. *Huellmantel,* 124 Cal. 583 [57 Pac. 582, 584]; *Stoff* v. *Erken,* 172 Cal. 481 [156 Pac. 1033]; *Real Estate Associates* v. *Superior Court,* 60 Cal. 223.) ■ Appellant contends that the bond was for an insufficient amount. No objection having been made to it in the lower court, the question of its sufficiency cannot be raised here. In *Huellmantel* v. *Huellmantel, supra,* the court said: "A receiver ought not to be appointed except upon the clearest proof of its propriety, nor without the application of some one of the parties, and generally not without notice. Such appointment is allowable under certain circumstances *ex parte* upon proper showing (High on Receivers, sec. 111 et seq.); but the cases are exceptional." In the instant case we are of the opinion that on the showing made by respondent the trial court was justified in appointing a receiver.

■ As to the contention of appellant that the complaint does not state facts sufficient to constitute a cause of action, we find it is without merit. In *Murray* v. *Murray,* 115 Cal. 266 [47 Pac. 37, 56 Am. St. Rep. 97, 37 L. R. A. 626], the court held that the deserted wife, though not in strictness a creditor of her husband, is yet, as concerns her right to maintenance, so far within the protection of the law that transfers made with the design to defeat her rights are void. Where it is charged that the husband has conveyed the community property with intent to defraud the wife of her rights therein, the grantee in such fraudulent conveyance may be made a party and such conveyance may be set aside. (9 Cal. Jur., sec. 66, p. 700; *Kashaw* v. *Kashaw,* 3 Cal. 312; *Weyer* v. *Weyer,* 40 Cal. App. 765 [182 Pac. 776].)

The appellant has appealed only from that part of said order appointing a receiver. At the hearing of the order to show cause, which order was served upon appellant and which required of it that it show cause why it should not be restrained and enjoined from transferring the said real estate held by it in trust, and why a receiver should not be appointed to take charge and control of the said community property, it appeared at said hearing by its attorney, but did not controvert any of the facts set forth in the complaint or show cause why it should not be restrained from transferring the said real estate held by it as trustee, or why a receiver should not be appointed to take charge of the community property of respondent and defendant Nichols. The presumption arises that it did not controvert or deny any of the allegations of said complaint for the reason that the facts therein alleged were true, and that a necessity for the appointment of a receiver existed.

The order is affirmed.

Tyler, P. J., and Knight, J., concurred.