Stella ALBRECHT, Plaintiff and Respondent,

v.

Christian ALBRECHT, Defendant and Appellant.

No. 7843.

Supreme Court of North Dakota.

Sept. 29, 1959.

On Rehearing Nov. 17, 1959.

Clyde Duffy, Devils Lake, and John B. Hart, Rolla, for plaintiff and respondent.

W. A. Jacobsen, Watford City, and Paul L. Agneberg, Cando, for defendant and appellant.

MORRIS, Judge.

This is an appeal from a judgment entered in the district court of Rolette County January 14, 1959 upon our remittitur and remand in the case of Albrecht v. Albrecht, N.D., 92 N.W.2d 726, 733. The judgment is challenged on the ground that it disregards and violates the mandate of this court and is otherwise contrary to law.

The judgment from which the former appeal was taken provided: (1) that the parties be absolutely divorced from each other; (2) that the custody of the two minor children of the parties be awarded to the plaintiff; (3) that the defendant pay the plaintiff for her support and the support of the minor children the sum of $20 per week commencing August 1, 1956 and continuing until the further order of the court; (4) that in addition thereto the defendant should be liable for extraordinary expenses of the children for hospitalization and medical care; (5) that when the defendant made up defaults in the payment of temporary alimony and upon the prompt payment of support money provided by the judgment he could move the court for an order with reference to visitation of the children, the court retaining continuing jurisdiction as to custody and support; (6) that the defendant not sell or encumber until the further order of the court certain residence property in the city of Rolla; (7) that the defendant pay to the plaintiff for plaintiff's attorneys $200 plus expenses. Appeals from two contempt orders were also considered in our former opinion.

After reviewing the evidence at some length we concluded our opinion by saying:

"After a careful consideration of the evidence and the entire record we conclude that the judgment for divorce granted plaintiff must be reversed, except the part granting custody of the children to the plaintiff. The contempt orders of December 18th and December 31st, 1956, are vacated and set aside.

"Although under the evidence the plaintiff is not entitled to a divorce, she is nevertheless entitled to support and maintenance for herself and the minor children. Sec. 14–0526, NDRC 1943, provides: 'Though a judgment of divorce is denied, the court in an action for divorce may provide for the maintenance of the wife and her children, or any of them, by the husband.' Hoellinger v. Hoellinger, 38 N.D. 636, 166 N.W. 519; Savre v. Savre, 77 N.D. 242, 42 N.W.2d 642; Mattson v. Mattson, 79 N.D. 381, 56 N.W.2d 764.

"The record is remanded to the district court with directions to consider the matter of support of the plaintiff and the minor children, allowance for attorneys fees in the district court, the right of the defendant to visitation with the children as may seem reasonable upon this record and upon such further record as may be made herein by the court in the exercise of its judicial discretion. The case is remanded for further proceedings in accordance with this opinion."

Our remittitur to the district court accompanied by a copy of the opinion stated that the judgment:

"appealed from herein, be and the same is hereby reversed in part and affirmed in part and the case is remanded to the district court for further proceedings, all in conformity with the opinion filed herewith."

■■■ Our remittitur was filed in the district court of Rolette County November 20, 1958. On January 10, 1959 the trial court, without further notice or hearing, again considered the matter and made new findings of fact, conclusions of law and order for judgment, pursuant to which a new judgment was entered. That is the judgment from which this appeal is taken. Its various provisions will be considered separately.

Paragraph one of the new judgment provides:

"That the custody of the minor children be and it hereby is awarded to the plaintiff and the defendant shall have reasonable rights of visitation of said children as long as he does not unreasonably annoy the plaintiff and as long as he shall make an honest effort to provide for the support of the plaintiff and the minor children pursuant to the judgment of this Court. In the event the parties hereto cannot agree upon reasonable visitation rights, either party may apply to this Court for an order fixing the specific times and periods when the plaintiff (defendant) may exercise such visitation rights."

This paragraph we find to be in accordance with our determination "that the judgment for divorce granted plaintiff must be reversed, except the part granting custody of the children to the plaintiff" and our remand with respect to the right of the defendant to visit the children.

Paragraph two of the judgment provides:

"That the defendant shall pay to the plaintiff for her support and support of said minor children the sum of $20.00 per week commencing as of August 1, 1956."

This identical provision was contained in the former judgment that was reversed and insofar as it attempts to date the defendant's liability back to August 1, 1956 is in conflict with our decision and remittitur. However, we did direct the court to consider the matter of the support of the plaintiff and the minor children and the allowance of attorneys' fees in district court under Section 14–0526 NDRC 1943 authorizing a provision for the maintenance of the wife and her children by the husband where her action for divorce is denied. We cannot say that the sum of $20 per week is unreasonable for the children's future support. Paragraph two of the judgment will therefore be amended by striking out the date

August 1, 1956 and inserting in lieu thereof January 14, 1959, the date of the new judgment.

■ Paragraph three provides that the defendant is liable for the extraordinary expenses of the children for hospitalization and medical care. While a similar provision was contained in the first judgment we believe that this provision is proper as an incident to the separate maintenance being provided by the new judgment.

On September 28, 1956 the defendant owned and with his minor son by a former marriage was living in a house in Rolla, N. D. His wife, the plaintiff, was living elsewhere with their two minor children. On that date the house was destroyed by an explosion. It was insured for $5,000. The balance of this sum after payment of encumbrances amounted to $3,814.64 which the parties stipulated should be retained on deposit by the Clerk of the District Court of Rolette County. The stipulation was dated February 24, 1958.

Paragraph four of the judgment entered January 14, 1959 provided for the appointment of a receiver for the purpose of collecting the insurance money and applying it to the payment of support money, due or to become due, and plaintiff's attorney fees. Paragraph five retains jurisdiction in the trial court for various purposes including payments by the receiver. The defendant challenges the validity of these provisions of the judgment on the ground that at the time of the explosion he was the head of a family consisting of his minor son and was occupying the house as such, that the house constituted a part of his homestead and that the insurance resulting from its destruction is absolutely exempt under the provisions of Section 28–2202 NDRC 1943. He contends that it was beyond the power of the court to subject the insurance to the payment of the support of his wife and the two children in her custody.

This action was commenced on May 11, 1954 and tried July 9 and 10, 1954. Judg-

ment was rendered August 25, 1956. For some time prior to March, 1954 the plaintiff and defendant and their first child lived in an apartment in Rolla, N. D. which the defendant rented from his father. Jerome Albrecht, defendant's son by a former marriage, who was approximately 12 years of age, resided with them. The defendant rented the house he owned and used the rental for the support of himself and his family, including the rent on the apartment in which they lived. On March 7, 1954 a son, David Lonny, was born to the plaintiff and defendant and shortly thereafter plaintiff took her two children, left the apartment and went to live with relatives. About August 1, 1956, which was shortly before the judgment was rendered, the defendant moved into his house with his son Jerome. This was the house that was destroyed by the explosion.

■ A homestead of a head of the family residing in this state if within a town plat shall not exceed two acres of land upon which the claimant resides and the improvements thereon not exceeding in value $25,000 above liens and encumbrances. Section 47–1801 1957 Supplement to NDRC 1943. To qualify as head of a family the claimant must be a married person or must have residing with him on the premises another person falling within one of categories prescribed by statute including "his child". Section 47–1802 NDRC 1943.

Section 28–2201 NDRC 1943 exempts all property mentioned in that chapter to the head of a family from attachment or mesne process and from levy and sale upon execution and from any other final process issued by any court. Section 28–2202 absolutely exempts from all process, levy or sale 9 classes of property including "The homestead as created, defined, and limited by law." These absolute exemptions also include "All insurance benefits resulting from insurance covering any or all of the absolute exemptions."

■ When the defendant and his son moved into the house in Rolla after the

trial and before entry of judgment he was the head of the family. That family consisted and still consists of his son Jerome, his wife, and her two children. When the house was destroyed by an explosion the resulting insurance benefits became one of the absolute exemptions provided by Section 28–2202 NDRC 1943. In First International Bank of Portal v. Lee, 25 N.D. 197, 141 N.W. 716, 719, this court said:

"The law does not look upon the right to exemptions as a personal right of the husband, or even as being given to the husband at all. It is a family right rather than a personal right."

The foregoing statement is particularly applicable to homestead exemptions.

"Section 208 of our Constitution provides: 'The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws, exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law.' Pursuant to this constitutional mandate, the legislative assembly enacted a law providing that the homestead of every head of a family shall be absolutely exempt 'from levy and sale upon execution and from any other final process issued by any court.' Section 5049, Rev.Codes 1905. It is too plain for discussion that the object sought by the adoption of this constitutional provision, and by the enactment of this and similar statutes in other states, was to protect and preserve the home, not for the benefit of the head of the family, but for the benefit of the family as a whole." Bremseth v. Olson, 16 N.D. 242, 112 N.W. 1056, 1057, 13 L.R.A.,N.S., 170.

The misfortune that brings the Albrecht family before the court comes not from an effort on the part of creditors to enforce their claims. It is a matter of internal origin that arises within the family itself. The primary authority of the court to deal with the situation is statutory. It is found in Chapter 14–05 NDRC 1943 dealing with divorce. We are particularly concerned with Section 14–0525 NDRC 1943 which provides:

"The court may require either party to give reasonable security for providing maintenance or making any payments required under the provisions of this chapter, and may enforce the same by appointment of a receiver or by any other remedy applicable to the case. * * * The court, in rendering the decree of divorce, may assign the homestead or such part thereof as to the court may seem just, to the innocent party, either absolutely or for a limited period, according to the facts of the case and in consonance with the law relating to homesteads. * * *"

The plaintiff was denied a divorce and in such instances the court may provide for the maintenance of the wife and her children or any of them. Section 14–0526 NDRC 1943. The record is replete with instances of obstinacy on the part of the defendant in his refusal to provide for the maintenance of his wife and her children. This resulted in the determination on the part of the trial court to resort to the insurance money as a means of maintenance.

■ Where a divorce is denied and separate maintenance provided as in this case the family remains legally intact. There is no division of property between husband and wife. The relationship of debtor and creditor is not created. The moral and legal obligation of the husband to support the wife and the children of the marriage remains unimpaired. The court has the power to compel the fulfillment of that obligation by a decree of maintenance and to enforce the decree as the statute provides:

"by appointment of a receiver or by any other remedy applicable to the case."

In Anderson v. Anderson, 183 N.C. 139, 110 S.E. 863, 865, it is said:

"The defendant contends that as against the amount allowed for the plaintiff's subsistence and expenses he is entitled to his homestead or personal property exemption. Waiving the plaintiff's contention that the question is not properly presented upon the record, we think that the defendant's objection is without merit. The defendant's obligation to support the plaintiff during the existence of the marital relation is not a 'debt' within the meaning of article 10, §§ 1 and 2 of the Constitution. It is true that marriage is usually regarded as a civil contract; but in every contract of marriage there are elements which do not enter into the ordinary contract. In its binding force marriage is indissoluble, even by consent of the parties, and creates, moreover, a peculiar status which, attending them throughout life, both confers privileges and enjoins duties. Among the latter is the husband's duty to protect and provide for his wife. This duty is not a mere incident of the contract, but it arises out of the very nature and purpose of the marriage relation; and this relation civilized mankind regard as the only stable foundation of our social and civil institutions. Hence both law and society demand that the marriage relation be recognized, respected, and maintained, and that the husband's duty to support his wife and their offspring be awarded higher sanction than the strait contractual obligation to pay value for a yoke of oxen or a piece of land. The defendant therefore cannot escape the performance of his duty to support the plaintiff on the ground that he sustains toward her the relation of a mere debtor."

■ The decree of the trial court, operating as it does exclusively upon obligations arising within the family, is not affected by our exemption laws to which we have referred. They are enacted for the benefit of the family as a whole and not for the benefit of one member of the family as against another with respect to intrafamily obligations. We reach the conclusion that where a judgment of divorce has been denied and the court has provided for the maintenance of a wife and her children or any of them by the husband our statutes making certain exemptions available to the head of a family create no obstruction to the enforcement of the decree.

"Generally in a separate maintenance proceeding the court may appoint a receiver or a trustee, require the husband to convey to him, and authorize or direct him to sell the property for the purpose of paying the installments under the decree as they become due; and the court may also provide for the termination of the receivership." 42 C.J.S. Husband and Wife § 625(4).

■ The defendant complains of the appointment of the receiver by the trial court because the receiver was appointed ex parte and his appointment was not specifically directed by our remand. In our opinion we said:

"The trial court had the power under the law to appoint a receiver who would have authority to make the necessary proof of claim for the amount due upon the insurance policy in question and to disburse the proceeds in accordance with any valid order of the trial court." 92 N.W.2d 733.

While we did not direct the appointment of a receiver we did point out that the trial court had such power. We left its exercise to his discretion. The court appointed a receiver without notice to the defendant. He contends that the appointment of the receiver ex parte was error.

■ Courts will grant ex parte applications for the appointment of receivers

only in exceptional cases. High on Receivers, Fourth Edition, Sections 111 and 436. California has a statute, West's Ann. Civ.Code § 140, which is similar to our Section 14-0525 NDRC 1943. That statute has been held applicable to the enforcement of decrees for separate maintenance. West v. West, 206 Cal. 706, 276 P. 100; Murray v. Murray, 115 Cal. 266, 47 P. 37, 37 L.R.A. 626. California courts have held that notice of application for the appointment of a receiver is not jurisdictional and a receiver may be appointed ex parte in an exceptional case. Huellmantel v. Huellmantel, 124 Cal. 583, 57 P. 582; Nichols v. Nichols, 135 Cal.App. 488, 27 P.2d 414; Nichols v. Superior Court, 1 Cal.2d 589, 36 P.2d 380, 95 A.L.R. 894; Cugat v. Cugat, Cal.App., 236 P.2d 831.

The case before us appears to have been tried at length. Various hearings were had subsequent to the main trial, including two citations for contempt. Our former opinion pointed out the availability of a receivership. It is highly probable that the trial court could not obtain further enlightenment by another hearing and it is obvious that the defendant was attempting to resort to every possible means to avoid supporting his wife and her two children. The appropriateness of a receiver to assist in carrying out the decree of the court appears clearly from the record at hand. Under those exceptional circumstances the court did not err in ordering the ex parte appointment of a receiver to take charge of funds that were on deposit with the clerk of the court and had been in custodia legis since February 24, 1958.

In addition to the matters heretofore discussed the judgment now appealed from directs the payment to the plaintiff of $300 for attorneys' fees and costs in the district court. This provision is in accordance with our remittitur. The amount is not excessive.

The judgment appealed from is modified to provide that the defendant shall pay to the plaintiff for her support and the support of her minor children the sum of $20 per week commencing January 14, 1959 and as so modified is affirmed.

SATHRE, C. J., and STRUTZ, TEIGEN and BURKE, JJ., concur.

On Rehearing.

MORRIS, Judge.

Both parties having petitioned for a rehearing we ordered and heard a reargument of the case. We have again considered the briefs and arguments of counsel. It is pointed out that in our opinion we failed to make any disposition with respect to or mention of a "temporary order" made by Honorable Harold B. Nelson, district judge, dated May 28, 1954 and directing, among other things, that the defendant pay to the plaintiff as temporary support money for herself and children the sum of $22.50 each week during the pendency of the action. That order was served on the defendant on June 1, 1954. It was appealable under that portion of Section 14-0525 NDRC 1943 that provides:

"The disposition of the homestead by the court, and all orders and decrees touching the alimony and maintenance of either party to a marriage and for the custody, education, and support of the children are subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

In Tonn v. Tonn, 16 N.D 17, 111 N.W. 609, an order requiring the defendant to pay the plaintiff counsel fees and maintenance pending the final determination of the action was held to be an appealable order. In Heller v. Heller, N.D., 81 N.W.2d 124, we heard and determined on the merits an appeal from such an order. See also Raszler v. Raszler, N.D., 80 N.W.2d 535; Hodous v. Hodous, 76 N.D. 392, 36. N.W.2d 554, 12 A.L.R.2d 1051.

South Dakota under a statute similar to ours holds that such orders are appealable.

Schummer v. Schummer, 61 S.D. 305, 248 N.W. 492.

■ The order of May 28, 1954 was an appealable order. The time for appeal expired sixty days after June 1, 1954, the date of service. Section 28–2704 NDRC 1943. It became final as against a review on appeal at the expiration of that period.

Neither the judgment entered on remittitur nor our decision on appeal therefrom involves the status or collectibility of payments that became due under the district court's order of May 28, 1954 prior to January 14, 1959, the date of the judgment from which this appeal is taken and which is modified and affirmed in our opinion filed September 29, 1959. We adhere to that opinion.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.