[No. D019653. Fourth Dist., Div. One. Feb. 24, 1994.]

In re VANESSA Z., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
VICTOR E., Defendant and Appellant.

## Counsel

Linda M. Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, and Patti L. Dikes, Deputy County Counsel, for Plaintiff and Respondent.

Dorothy A. Hampton, under appointment by the Court of Appeal, for Minor.

## Opinion

**WORK, Acting P. J.**—Victor E. appeals after the court denied de facto parent status to Victor's mother and sisters in this dependency proceeding involving Victor's child, Vanessa Z. Victor contends the court abused its discretion because his mother and sisters met the criteria for de facto parents and no interest was furthered by denying them that status. We conclude Victor lacks standing to challenge the order because his interests are not prejudiced by the denial of de facto parent status to his relatives. Accordingly we affirm the order.

### Factual and Procedural Background

Vanessa tested positive for cocaine at birth on December 15, 1991. The court declared Vanessa a dependent on January 21, 1992, due to her mother's[1] drug use and Victor's failure to protect her. (Welf. & Inst. Code,[2] § 300, subd. (b)) Victor was on probation for possession of a controlled substance. He stated he was unable to care for Vanessa but wanted her to be placed with his mother, Maria E.

After evaluating Maria's home, the department of social services (Department) recommended against placing Vanessa with Maria. Maria had 10 prior

---

[1]Maydel Z., Vanessa's mother, does not appeal.

[2]All statutory references are to the Welfare and Institutions Code unless otherwise specified.

referrals to child protective services concerning 5 of her own children. She currently cared for four children and had high blood pressure. Department expressed concern Vanessa's medical needs for drug withdrawal would not be adequately met in Maria's home.

At the dispositional hearing on February 25, the court detained Vanessa in a licensed foster home and ordered she be placed with a relative, other than her parents, when she became medically stable. Victor was ordered to complete a child care class, participate in a drug abuse program and continue drug testing through the probation department.

On July 28, the Department reported Vanessa continued to have daily seizures and required extensive medical care. Her brain had swelled but subsided. At the six-month hearing on August 25, the Department reported Victor was interested in gaining custody of Vanessa and was attempting to find suitable housing. He visited Vanessa every other week. Maria had visited Vanessa only three times in February. Maria agreed to attend a parenting class for drug-exposed infants, but dropped out of the class.

By the 12-month hearing, Vanessa was medically stable and had ceased experiencing the effects of drug exposure. Victor had completed a parenting class and tested free of drugs, but had no income or stable housing. Maria reported she was in poor health and would be unable to care for Vanessa. The court found returning Vanessa to her father would create a substantial risk of detriment and continued Vanessa's placement in the foster home.

On March 21, 1993, Victor was arrested for selling controlled substances. In June, Department reported Maria said she was interested in adopting Vanessa. Victor was incarcerated and likely to be deported. He had not drug tested since the previous hearing.

Maria and two of her daughters, Catalina C. and Maricruz B., submitted applications for de facto parent status in June and July.[3] Maria stated she loved Vanessa and visited her once or twice a week for 30 to 60 minutes. Catalina and Maricruz indicated they also visited Vanessa and felt a familial bond with her. The court denied the applications for de facto parent status on July 29. This appeal by Victor followed.[4]

DISCUSSION

Victor argues the court applied an incorrect standard for de facto parent status. ■ Department contends Victor lacks standing to raise the issue

[3]The foster mother, Crestina L., also applied for de facto parent status, and the court granted the application on July 29. Victor does not challenge that portion of the order.

[4]Maria, Catalina and Maricruz requested this court appoint counsel for each on appeal. After briefing, the request was denied, relying on *In re Joel H.* (1993) 19 Cal.App.4th 1185, 1196-1199 [23 Cal.Rptr.2d 878].

on appeal because his interests in Vanessa were not prejudiced. Victor replies the court "will make decisions affecting his interest in Vanessa, without the benefit of his relatives' participation." He adds his relatives "would have provided the court with additional evidence, views and information which would have advocated maintaining familial ties." Counsel for the minor on appeal asserts Maria should be granted de facto parent status to provide information to the court, but the aunts, Maricruz and Catalina, can provide information through Maria.

An appellant must show prejudicial error affecting his or her interest in order to prevail on appeal. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 244, p. 250.) An appellant cannot urge errors which affect only another party who does not appeal. (*In re Sarah M.* (1991) 233 Cal.App.3d 1486, 1503 [285 Cal.Rptr. 374], citing *Nichols* v. *Nichols* (1933) 135 Cal.App. 488, 491 [27 P.2d 414].)

Here, Victor's interest in the dependency proceeding is to reunify with his dependent child. A de facto parent's nexus with the proceeding is that person's separate interest and relationship with the child, which may have developed over time through the daily care, affection and concern for the child. (*In re Kieshia E.* (1993) 6 Cal.4th 68, 77-78 [23 Cal.Rptr.2d 775, 859 P.2d 1290].) The de facto parent's interest is not, as Victor suggests, in acting as an advocate to preserve the natural parent's bond with the child. The fact his relatives have not been accorded de facto parent status does not preclude Victor from presenting any evidence about Vanessa's best interests or his relationship with her. Because Victor is not aggrieved by the order, he may not challenge it on appeal.

## DISPOSITION

Order affirmed.

Benke, J., and Froehlich, J., concurred.