[Civ. No. 40431. Second Dist., Div. Four. Mar. 27, 1973.]

In re the Marriage of VERA and WILLIAM BOSEMAN.
VERA BOSEMAN, Respondent, v.
WILLIAM BOSEMAN, Appellant.

## COUNSEL

Morris, Callion, Beckwith & Roberts and Luther Callion for Appellant.

Broady, Scarlett & Roberson and Earl C. Broady, Jr., for Respondent.

## OPINION

**JEFFERSON, Acting P. J.**—Vera Boseman sought the dissolution of her marriage to William Boseman. The trial court granted the interlocutory decree of dissolution and divided the community property of the parties. The husband appeals.

The Bosemans married in 1952 and separated in 1968. Four girls were born of the marriage, and at the time of trial they were 18, 13, 11 and 3 years of age, respectively. The parties stipulated that the custody of the oldest daughter, Monica, was to be awarded to the husband. Custody of the three younger children, Derenda, Lorna and Laurie, was awarded to the wife.

The trial court ordered William to pay $1.00 per month spousal support to Vera, expressly reserving jurisdiction concerning support; it also ordered William to pay a total of $125 per month for the support of the three younger children in Vera's custody.

The sole community asset was the family residence, which was unencumbered and valued by the parties at $15,500. The trial court made the following order concerning the division of the property:

"The community property of the parties is equally divided as follows: As additional support for the minor children said real property is to be in the exclusive possession and control of petitioner [Vera] for the use and benefit of said minors, until the youngest child reaches the age of majority or until such child is married or otherwise emancipated. Thereafter, the property is to be sold by the parties as soon as possible and the proceeds divided as follows: (a) To respondent, [William] one-half of the value of said real property as of the date of judgment, without interest; (b) To petitioner [Vera], one-half of the value of said real property. Petitioner is ordered to pay the taxes on said real property until it is sold."

The husband argues on this appeal that Civil Code section 4800 (Family Law Act) mandates equal division of the community property, and that the award to him of a present equal interest coupled with delayed

enjoyment of the interest during the children's minority is not the equal division required by the statute. He further argues that the trial court, having awarded a one-half interest in the property to each party as separate property, had no jurisdiction to then impose conditions on the property's use.

Civil Code section 4800 provides, in pertinent part, that "(a) . . . the court shall . . . in its interlocutory judgment of dissolution of the marriage . . . divide the community property . . . equally. (b) Notwithstanding subdivision (a), the court may divide the community property . . . as follows: (1) Where economic circumstances warrant, the court may award any asset to one party on such conditions as it deems proper to effect a substantially equal division of the property."

The problem of division the trial court faced was not an uncommon one, nor was the economic situation of the parties herein unusual. Both the wife and husband were employed, the wife netting $82 per week and the husband $101 per week. During the course of a 16-year marriage, four children were born; the wife had worked a substantial part of the time to assist in family support and it was necessary for her to expend funds on child care. The major—and only—asset accumulated by the parties was the family home.

The trial court did not regard *immediate* equal division of the community imperative as a correct application of the statutory law; we agree that the Legislature did not intend that upon dissolution the family residence must always be sold and the proceeds divided to meet the mandate of Civil Code section 4800, when it is the only community asset.[1] The Assembly report (cited in fn. 1) goes on to state: "Where a home with some equity value and its furnishings constitutes the main property subject to division, where there are minor children and where neither party has substantial separate property, the court, in accordance with Section 4800(1) could make a conditional award of the residence to the wife if she is awarded custody of the children. There is little question that economic circumstances would warrant the application of the first exception to the equal division requirement, and it was so intended. The conditions the court might impose are many and varied. . . . The point is that economic circumstances are involved and the *court was intended to have*

---

[1] "Where an interest in a residence which serves as the home of the family is the major community asset, an order for the immediate sale of the residence in order to comply with the equal division mandate of the law would, certainly, be unnecessarily destructive of the economic and social circumstances of the parties and their children." (Report, Assembly Committee of Judiciary, 1 Assem.J. (1970 Reg. Sess.) pp. 786-788.)

*the power to innovate* in making conditional awards of property. That is an important power which gives the opportunity for just application of the law under the circumstances, and it should not be overlooked." [Italics added.] (1 Assem.J., cited *supra.*)

It seems clear that the Legislature intended that family law trial courts have the power to make orders tailored to the particular situation under consideration when economic circumstances warrant it.

In the instant case, the court chose to award a present interest in the property to each party, coupled with an award of exclusive use of the property by the wife so long as she was obliged to maintain a home for the minor children. While the parties hold their separate interests as tenants in common, they are not typical common tenancy interests because of the absence of the ordinary incidents pertaining thereto, *i.e.,* the mutual right to possession by the tenants and the shared responsibility for taxes. (See Cotenancy, 13 Cal.Jur.2d 287 et seq.) The result reached by the trial court is more nearly analogous to the creation of a community property homestead.[2]

The husband argues that the "economic circumstances" referred to in Civil Code section 4800 may only be considered by the trial court in a situation where the sole community asset consists of a business, rather than a residence. (See *Markovitz* v. *Markovitz,* 272 Cal.App.2d 150 [77 Cal.Rptr. 96].) As our previous discussion indicates, the statute was not intended by the Legislature to be construed in such narrow terms.[3] The trial court properly considered the earnings of the parties, the necessity of maintaining a home for the three younger children and the amount of child support that could be paid by the father in determining that the economic circumstances were such that the order was necessary.

The husband also contends that the trial court, in effect, made an award

---

[2]After the passage of the Family Law Act, there was some confusion because the act contained, in addition to Civil Code section 4800, Civil Code section 4808 (formerly Civ. Code § 146), which provided for a community homestead to the wife. The Legislature did not intend that homesteads be awarded to the wife, as a matter of course, prior to equal division, and regarded section 4800 as controlling with respect to division. Section 4808 was repealed in 1970. (Stats. 1970, chap. 962, § 5, p. 1727.) See *In re Marriage of Paddock,* 18 Cal.App.3d 355 [95 Cal.Rptr. 652] and the Journal of the Assembly, cited *supra.*

[3]Respondent cites Cline, *California's Divorce Reform: Its Effect on Community Property Awards* (1970) 1 Pacific L.J. 310-320, in which the writer took the position. on page 318, that Civil Code section 4800 does not permit discretion in the division of community property according to economic need but rather sets forth a method of insuring equal division under certain circumstances.

of the parties' separate property to the minor children, an award beyond its jurisdiction. We do not agree that the order awarded a property interest to the children; the award was made to the parties, with conditions, and was made for the benefit of the minor children; it was designated as additional child support.[4] It seems clear that the order made would be modifiable should circumstances change.

The husband suggests that the trial court could have employed a formula whereby the wife was obligated, upon award of the property, to refinance in order to obtain proceeds with which to pay the respondent an amount equal to his share of the property, or to carry a mortgage or lien in his favor on the property with appropriate payments of principal and interest. (See *In re Marriage of Juick,* 21 Cal.App.3d 421, 429 [98 Cal.Rptr. 324].) There might be a situation where the imposition of a lien on property would be appropriate; the flexibility envisioned by the Legislature allows the trial court some latitude in determining what would be fair in each situation. In the present case, the petitioner's earnings, plus the child support awarded her, were barely sufficient to maintain the household; the trial court, therefore, by awarding equal separate interests with delayed enjoyment, instead of creating a lien, chose a proper method of approach.

■ The difficulties presented by the order result from its failure to spell out with sufficient clarity how certain contingencies concerning the property in question are to be resolved. The trial court specified that the husband was to receive, at the time of sale, an amount equal to the interest awarded him as of the time of judgment (*i.e.,* one-half of $15,500); the wife was to receive, at the time of sale, one-half "the value of said real property." While it might be proper to subject the wife's interest to the possibility that the property would depreciate in value, as a method of equalizing the loss to the husband of present income from his share of the property, it is totally unclear what the result would be if the land, for example, appreciated in value during the childrens' minority: the husband is limited by the terms of the order to $7,750, and the wife to "one-half the value." It is thus conceivable that a sale of appreciated property might result in the receipt of additional funds by the parties not covered by the present order. Furthermore, there is no provision in the order for maintenance and repair, nor does it specify what approach is to be taken if total or partial destruction of the premises should occur.

---

[4]The problem herein should be considered in light of other portions of the Family Law Act: namely, Civil Code section 4807 which provides that "The community property, the quasi-community property and the separate property may be subjected to the support, maintenance and education of the children in such proportions as the court deems just." And see Civil Code section 4700, subdivision (a), which imposes liability for child support on both parents.

For these reasons, we have concluded that the part of the judgment relating to the eventual sale of the property must be revised as to all language contained therein following "Thereafter, the property is to be sold by the parties as soon as possible," and the case remanded to the trial court for further clarification in keeping with the foregoing discussion. It may be that the trial court, in the exercise of its discretion, will elect to wait until some specific controversy arises over such items as repairs, or taxes, or until one or both of the parties desire clarification. Since we regard the order made as being modifiable, in the sense that child support orders are modifiable, the trial court retains jurisdiction to make future orders as needed with respect to the property.

■ The husband also appeals from the trial court's order awarding the wife token spousal support, reserving jurisdiction over this issue. He suggests that the Family Law Act has changed the law with respect to spousal support, and that the trial court has no jurisdiction to award such support where the wife is employed full time and is in approximately similar financial circumstances as the husband.

In our view, the present law has simply eliminated marital fault as one of the circumstances to be considered in awarding spousal support. (See Attorney's Guide to Family Law Act Practice (Cont. Ed. Bar 1970).) In *In re Marriage of Rosan,* 24 Cal.App.3d 885, at page 892 [101 Cal.Rptr. 295], the court said: "Under the Family Law Act the matter of spousal support is still addressed to the judicial discretion of the trial court upon a consideration of 'the circumstances of the respective parties, including the duration of the marriage and the ability of the supported spouse to engage in gainful employment without interfering with the interests of the children of the parties in the custody of the spouse.' (Civ. Code § 4801, subd. (a).)"

The circumstances the court may consider, with the exception of fault, are many and varied. (*Hall* v. *Hall,* 42 Cal.2d 435, 442 [267 P.2d 249].) In the present case, the court undoubtedly considered the length of the marriage, 16 years, and the testimony relating to the wife's physical problems despite her present full-time employment. It concluded that she was in the need of the protection provided by the express reservation of jurisdiction over the need for and amount of spousal support. We find no abuse of discretion in the award of token spousal support in this situation.

The order is reversed as to the following: "and the proceeds divided as follows: (a) To respondent, one-half of the value of said real property as of the date of judgment, without interest; (b) To petitioner, one-half of the value of said real property. Petitioner is ordered to pay the taxes

on said real property until it is sold." The matter is remanded to the trial court for further consideration. In all other respects, the judgment is affirmed. Each party is to bear its own costs on this appeal.

Kingsley, J., and Dunn, J., concurred.