[Civ. No. 31610. First Dist., Div. Two. Dec. 20, 1974.]

In re the Marriage of MICHAELINE K. and RAY F. KNICKERBOCKER.
RAY F. KNICKERBOCKER, Appellant, v.
MICHAELINE K. KNICKERBOCKER, Respondent.

**COUNSEL**

Lucas, Wyckoff, Miller & Comstock and Roberts B. Yonts, Jr., for Appellant.

Roselyn Costa Annin and Howard M. Levin for Respondent.

**OPINION**

**ROUSE, J.**—This is an appeal from an interlocutory judgment of dissolution of marriage. Appellant alleges error on the part of the trial court in its finding that certain realty is the separate property of respondent; in failing to award spousal support to appellant; and in rendering a judgment which was not sufficiently certain so as to permit its enforcement.

Appellant and respondent were married in the State of Illinois on June 16, 1951. Respondent had been married before and had been awarded a residence and certain household goods upon the termination of her prior marriage. Subsequently, she sold the residence and married appellant. Following their marriage, a home was purchased with respondent's money. The couple moved to California soon thereafter and that home was sold. Two rental units were purchased by downpay-

ments of $1,000 and $2,000 from monies realized on the sale. At the dissolution proceeding the trial judge granted a decree of divorce, concluded that the rental properties were the separate property of the wife, and ordered the community property to be divided equally between the parties.

Appellant contends on appeal that the trial court's determination that the rental units were the wife's separate property is not supported by substantial evidence.

The rules governing the determination of the character of marital property are well settled. ■ A finding that property owned by a married person is separate property is a finding of ultimate fact. (*In re Marriage of Jafeman* (1972) 29 Cal.App.3d 244, 254 [105 Cal.Rptr. 483].) ■ Whether the evidence adduced to overcome the presumption of community property is sufficient for the purpose is a question of fact for the trial court. (*Thomasset* v. *Thomasset* (1953) 122 Cal.App.2d 116, 123 [264 P.2d 626] (disapproved on other grounds in *See* v. *See* (1966) 64 Cal.2d 778, 785-786 [51 Cal.Rptr. 888, 415 P.2d 776].) ■ Such a finding is binding upon an appellate court if it is supported by sufficient evidence or if it is drawn from evidence which is conflicting or subject to differing inferences. If the trial court has concluded that a presumption has been overcome, this determination will not be disturbed upon appeal if the evidence is in substantial conflict or is subject to varying inferences. (*In re Marriage of Jafeman, supra*, pp. 254-255.) Only where the evidence to rebut the presumption is so weak and improbable that the finding is without substantial support may the appellate court set aside the decision of the trier of fact. (*In re Marriage of Wall* (1973) 30 Cal.App.3d 1042, 1048 [106 Cal.Rptr. 690].)

■ Where property is acquired after marriage, the burden rests upon the party asserting its separateness to establish that fact. (*Somps* v. *Somps* (1967) 250 Cal.App.2d 328, 337 [58 Cal.Rptr. 304]; *Wilson* v. *Wilson* (1946) 76 Cal.App.2d 119, 126 [172 P.2d 568].)

■ It was for the trial court to determine whether the presumption of community property was overcome by respondent's showing that she had not agreed to transmute separate property acquired from her prior marriage. ■ Certainly, that court could properly consider the source of the funds as an indicia of their continued separateness. Although the presumption may not be rebutted solely by evidence of the source of funds as separate property, it is a factor the trial court may take into consideration. (*In re Marriage of Wall, supra*, p. 1048.)

The facts shown in the record indicate that the $3,000 used as downpayments for the property was traceable to respondent's assets prior to her current marriage. The issue of whether respondent transmuted the property to community by placing the title to such property in joint tenancy was decided by the court. The record amply demonstrates that, by both her words and actions, respondent sought to retain the disputed property as her separate property. She purchased the lots. A separate bank account was maintained in her name only, into which account the rents were deposited and from which the mortgage was serviced and taxes paid. There was testimony to the effect that appellant had referred to the property as "your property" and that they had agreed in 1964 to live separate and apart. Accordingly, the trial court found that the premises were respondent's separate property. The clear implication of this finding is that respondent offered sufficient credible evidence to rebut the presumption.

Appellant raises as additional error the failure of the court to award him spousal support from his wife.

The issue of spousal support was not raised in the petition or response and no record of any request for such support has been presented on appeal. The question is therefore barred by the well established rule that matters not raised below cannot be raised for the first time on appeal. (*Ernst* v. *Searle* (1933) 218 Cal.233, 240-241 [22 P.2d 715]; *Gopaul* v. *Herrick Memorial Hosp.* (1974) 38 Cal.App.3d 1002, 1008 [113 Cal.Rptr. 811].)

Appellant's final assignment of error is that the order of the court dividing the community property was uncertain. That portion of the order complained of reads as follows: "All community property shall be equally divided between the parties, under the supervision of Counsel for the Parties." Although findings of fact were requested at trial, no formal request was filed.

It appears that the question of whether or not section 4800 of the Civil Code imposes a mandatory obligation upon the trial court to order a distribution of the community property is a matter of first impression. ▇ Yet we believe that such an intent is implicit within the legislative purpose of the Family Law Act. Section 4800 provides in pertinent part that "(a) Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, the court *shall,* either in its interlocutory judgment of dissolution of the marriage, in its judgment decreeing the legal separation of the parties, or at a later time

if it expressly reserves jurisdiction to make such a property division, *divide the community property* and the quasi-community property of the parties, including any such property from which a homestead has been selected, equally." (Italics added.)

*In re Marriage of Jafeman, supra,* serves as a guide to this court. In that case the appellate court avoided ruling on whether section 4800 created a mandatory duty upon the trial court to order a distribution; however, the case was remanded for the trial court to decree such a distribution. The order of the trial court in that case, as here, had merely declared that each party was the owner of an undivided one-half interest in the property. In remanding the case, the court observed "that section 4800 clearly contemplates the possibility of a distribution of the community property. It specifically provides that the [trial] court is not precluded from awarding any asset to one spouse in order to effectuate a substantially equal division of the community property. The ability of the court to distribute the property is further confirmed by the Family Law Rules adopted by the Judicial Council. Rule 1242 provides that 'The court in every case shall ascertain the nature and extent of all assets and obligations subject to disposition by the court in the proceeding and shall divide such assets and obligations as provided in the Family Law Act, except upon the written agreement of the parties or an oral stipulation of the parties made in open court. . . .' It is well recognized in the cases that ascertaining the value of the assets of the community is a prerequisite to the distribution of the property. [Citation.] It is similarly well established that one of the duties of a court of equity in a divorce proceeding is to make an equitable distribution of the community property. [Citation.]" (P. 267.)

The power of the court to distribute the community property is clearly contemplated by the statute. Thus, we hold that the obligation to order such a distribution is inherent in the language of the statute. The statute demands that the court "shall" divide the community property. The additional provision of subdivision (d) of section 4800 of the Civil Code that the court may make such orders as necessary to accomplish its decree of distribution, empowers the court to set forth the manner in which its decree shall be given effect. The existence of this provision, however, in no way inhibits a finding of the applicability of the historical requirement of certainty of judgments in interpreting the remainder of the statute.

Rule 1242 of the Family Law Rules (Cal. Rules of Court) adopted by the Judicial Council also requires the court to divide the assets and

obligations and further mandates that the court ascertain the nature and extent of the property. At a minimum, section 4800 of the Civil Code and rule 1242 require the trial court to distribute the assets between the parties, and in order to accomplish this end the court must, logically and under the mandate of rule 1242, ascertain all the property subject to its disposition. A mere order that unspecified property designated "community" be divided equally cannot meet the requirement of certainty by which judgments are measured.

It has long been recognized that a judgment must be sufficiently certain to permit its enforcement. (*Kittle* v. *Lang* (1951) 107 Cal.App.2d 604, 612 [237 P.2d 673]; 4 Witkin, Cal. Procedure (2d ed. 1971) § 40, p. 3208.) This requirement has been applied in cases where the order of the trial court in dissolution proceedings has been too uncertain to permit either party to enforce rights created by the court's property division.

In the case of *In re Marriage of Boseman* (1973) 31 Cal.App.3d 372 [107 Cal.Rptr. 232], the trial court awarded present use of the divorced couple's community property to the wife until the emancipation of the couple's children. Then the property was to be sold and one-half of the value as of the date of the judgment distributed to the husband. Although the value of the property was ascertained at the time of the judgment, the Court of Appeal disapproved of the order for its failure to fully detail the terms of its award. The reviewing court stated that "The difficulties presented by the order result from its failure to spell out with sufficient clarity how certain contingencies concerning the property in question are to be resolved." (P. 377.)

There is ample precedent in cases in which the parties have requested findings to demonstrate the wisdom of making specific findings at the trial court level incident to a property division imposed by the court. For "In order for a reviewing court to gauge whether or not an equal division of community property has been achieved, it is necessary that explicit values and exact amounts of encumbrances be shown in the findings." (*In re Marriage of Juick* (1971) 21 Cal.App.3d 421, 425 [98 Cal.Rptr. 324].)

A recent appellate decision holds that, in order to divide the community property and the quasi-community property equally, the trial court must make specific findings of fact in a divorce action. (See *In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 107 [113 Cal.Rptr. 58].) It

appears to us, however, that this case places an improper reliance upon *May* v. *May* (1969) 275 Cal.App.2d 264 [79 Cal.Rptr. 622], which was decided prior to the effective date of the 1969 amendment to section 632, Code of Civil Procedure.

The *May* decision relied upon in *Lopez* was decided in 1969 and cited section 131[1] of the Civil Code as authority for the proposition that a trial court in a divorce action is required to make and enter findings of fact and conclusions of law, unless waived by the parties. (P. 277.) In responding to a contention of oral waiver, the court found that then section 632 of the Code of Civil Procedure provided exclusive means of waiver. The court, in denying the waiver contention, stated: "Although findings of fact may be waived in a divorce action [citation] the methods of waiver set forth in the controlling statute are exclusive [citation], and the waiver of findings on any material issue cannot be presumed but must affirmatively appear. [Citation.] There is nothing in the record from which we may infer that appellant waived her request for findings of value." (*May* v. *May, supra*, p. 277.)

Section 131 of the Civil Code has been repealed and replaced by section 4512.[2] Section 4512 makes no reference to findings but requires the court to file "conclusions of law as in other cases." Findings are governed by section 632 of the Code of Civil Procedure (amended 1969) which provides that in superior courts, "Unless findings are requested, the court shall not be required to make written findings and conclusions," and that "The procedure for requesting, preparing, and filing written findings and conclusions . . . shall be in accordance with rules

---

[1]Section 131, Civil Code: "In actions for divorce, the court must file its decision and conclusions of law as in other cases, and if it determines that no divorce shall be granted, final judgment must thereupon be entered accordingly. If it determines that the divorce ought to be granted, an interlocutory judgment must be entered, declaring that the party in whose favor the court decides is entitled to a divorce; and the court may, in its discretion and regardless of whether or not a request therefor was included in the prayer of the complaint, restore the maiden name of the wife or the name under which she was married. After the entry of the interlocutory judgment, neither party shall have the right to dismiss the action without the consent of the other."

[2]Section 4512, Civil Code: "In actions for dissolution of the marriage, the court must file its decision and conclusions of law as in other cases, and if it determines that no dissolution shall be granted, final judgment must therefore only be entered accordingly. If it determines that a dissolution ought to be granted, an interlocutory judgment must be entered declaring that the parties are entitled to have their marriage dissolved. After the entry of the interlocutory judgment, neither party shall have the right to dismiss the action without the consent of the other."

adopted by the Judicial Council."[3] Under the Rules of Court, findings must be formally requested by filing with the court.

*East-West Capital Corp.* v. *Khourie* (1970) 10 Cal.App.3d 553, 556 [89 Cal.Rptr. 369], has questioned the reliability of *May* in view of subsequent changes in the statutory scheme. The court noted (fn. 1): "We are here concerned with procedures existing at the time of the trial of the case at bench. At that time, under Code of Civil Procedure section 632 findings could be waived by (1) written consent filed with the court, (2) oral consent in open court and entered in the minutes, and (3) failure to appear. Those were the only ways in which findings might be waived (*May* v. *May,* 275 Cal.App.2d 264, 277 [79 Cal.Rptr. 622]; *San Jose etc. Title Ins. Co.* v. *Elliott,* 108 Cal.App.2d 793, 802 [240 P.2d 41]). In 1968 (effective January 1, 1969) and 1969, section 632 was drastically revised."

Thus, the reasoning of *May* v. *May, supra,* concerning the necessity for findings, absent an affirmative showing of waiver thereof, is no longer persuasive authority for the proposition that the trial court must make findings of fact in divorce actions. However, there are additional factors which support such a position.

Section 4001[4] of the Civil Code dictates the preeminence of judicial rule to statutory provisions in the area of dissolution. Thus, it is evident that were the Rules of Court interpreted to require the trial court to make findings regardless of whether or not such findings were requested by the parties, such interpretation would take precedence over section 632 of the Code of Civil Procedure and pertinent provisions of rule 232, California Rules of Court.

The requirement of section 4800 of the Civil Code that the court "shall" divide the community property is augmented by rule 1242 of the California Rules of Court, which requires that "The court in every case *shall ascertain the nature and extent of all assets and obligations* subject to disposition by the court in the proceeding and *shall divide* such assets and

---

[3]Rule 232, subdivision (b), of the California Rules of Court, provides: "A request for findings of fact and conclusions of law shall be served and filed within 10 days after oral announcement of intended decision in open court or, if mailing of the announcement of intended decision is required, within 10 days after such mailing or, in the case of a subsequent modification or change in the announced intended decision, within 10 days after mailing of a copy thereof."

[4]Section 4001, Civil Code: "Notwithstanding any other provision of law, the Judicial Council may provide by rule for the practice and procedure in proceedings under this part."

obligations as provided in the Family Law Act, *except upon the written agreement* of the parties or an oral stipulation of the parties made in open court." (Italics added.)

It is apparent that the cumulative effect of these provisions is to require the trial court to determine the character of the property and the value of each asset unless, of course, this burden is lessened by a stipulation between the parties. (*In re Marriage of Carter* (1971) 19 Cal.App.3d 479, 485 [97 Cal.Rptr. 274].)[5]

Thus, we conclude that the authorities cited herein stand for the proposition that the trial court has the obligation of making the property division meaningful to the parties and capable of terminating the residual property bond which subsists as an unwelcome vestige of the dissolved marriage. Since, in this instance, the parties have shown themselves unable to arrive at an amicable settlement of the property issues by stipulation, it appears that the court must do so.

Here, there was substantial inquiry into the assets of the parties. These assets include two automobiles, furniture, bank accounts, stock, an insurance policy, electronic equipment, and incidentals. However, the court did not divide the individual assets between the parties. The record demonstrates facts upon which such an amended order could be based.

The judgment is reversed and the cause is remanded for final distribution of the community property.

Taylor, P. J., and Kane, J., concurred.

---

[5]It is equally apparent that, once having made its determination as to division of property in a dissolution proceeding, the court has the power to direct one of the parties to prepare and submit proposed findings in accordance with the procedure prescribed in rule 232.