[Civ. No. 13834. Fourth Dist., Div. Two. Apr. 23, 1975.]

In re the Marriage of CHARLOTTE ANN and
THOMAS LLOYD EASTIS.
THOMAS LLOYD EASTIS, Appellant, v.
CHARLOTTE ANN EASTIS, Respondent.

**COUNSEL**

Covington & Crowe and Donald G. Haslam for Appellant.

George P. Hobson, Jr., for Respondent.

**OPINION**

**GARDNER, J.**—After a childless marriage of three years' duration, wife filed an action for dissolution of the marriage and, after a contested trial, the court entered a judgment of dissolution.

■ The court found that the wife had waived spousal support. It further found that the parties had community assets totalling $5,250 and community liabilities of $6,450. The wife was awarded community assets valued at $3,500 and ordered to pay $1,000 in community obligations. Thus, the net assets awarded to the wife amounted to $2,500. The husband was awarded community assets valued at $1,750 and ordered to pay $5,450 of community obligations. This left the husband with a net deficit of $3,700.

Husband appeals from that portion of the interlocutory judgment dividing the community assets and obligations.

Rather obviously the court was in error in its division of the community property of the parties. Civil Code, section 4800 provides that the court shall divide the community property equally. California Rules of Court define property as including "assets and obligations" (Cal. Rules of Court, rule 1201(d)) and further provide that the court "shall ascertain the nature and extent of all assets and obligations subject to disposition by the court . . . and shall divide such assets and obligations as provided in the Family Law Act." (Cal. Rules of Court, rule 1242; *In re Marriage of Knickerbocker,* 43 Cal.App.3d 1039 [118 Cal.Rptr. 232]; *In re Marriage of Carter,* 19 Cal.App.3d 479 [97 Cal.Rptr. 274].) This was not done in the instant case. The matter must be returned to the trial court in order to effect an equal division of the meager assets. ■ ■ ■ ■ Just how that is to be done we leave to the ingenuity of the trial judge.[1]

---

[1]The only substantial asset is an equity in the family home. Under Civil Code, section 4800, when economic circumstances warrant the court may award any asset to one party on such conditions as it deems proper to effect a substantially equal division of the property. This, however, only allows the court to juggle assets with the stern admonition that there be effected a substantially equal division of the property. Ordinarily, in such a case, the spouse receiving such an asset is ordered to pay to the other party money equivalent to that party's one-half interest therein. (*In re Marriage of Juick,* 21 Cal.App.3d 421, 428 [98 Cal.Rptr. 324]; *In re Marriage of Boseman,* 31 Cal.App.3d 372 [107 Cal.Rptr. 232].)

The statement of the husband that he had "no objection" to having the residence awarded to the wife is far from a stipulation under Civil Code, section 4800. That section provides "Except upon written agreement of the parties, or on oral stipulation of the parties in open court, the court shall . . . divide the community property . . . equally." The husband's statement merely meant that when the court made equal division of the community property, he was willing that the wife have the house—a not uncommon concession. Unless considerably more specific than the statement made in this case, it cannot be construed as a stipulation that the property be divided other than equally. The court in its memorandum decision made no indication that it based its division of the community property on that statement.

However, whatever the trial judge does the parties are going to be left with unpaid obligations after the division of the assets.

We thus turn to a consistent and perplexing problem facing trial judges—just what to do about the division of debts and obligations where there are either (1) no assets, only obligations, or (2) obligations remaining after the division of the assets. This is a very common situation facing trial courts which the authors of the Family Law Act apparently did not contemplate.[2]

It is true that the Rules of Court define property as including assets and obligations. But, realistically, in the division of property, obligations come into the picture only when there exist assets against which the obligations can be set off. ■ This is recognized in California Marital Termination Settlements (Cont.Ed.Bar 1971) page 67, ". . . equal division of community . . .property under CC § 4800, requires an allocation of obligations as well as assets to each party. The obligations to be allocated are those that could be enforced against one or more assets included in the division, either because the obligation is secured by an encumbrance on the asset or because the asset could be reached on execution if the obligation were reduced to judgment."

However, when there are no assets, only obligations, an entirely different picture is presented.

Here, the husband contends that following the general philosophy of equality between the spouses contained in the Family Law Act, these obligations should be divided equally. He reaches this conclusion by arguing that such obligations are community property, referring to them as "negative property."[3] We think that this is carrying principles of sexual egalitarianism too far. Whatever one may think of the social philosophy underlying the Family Law Act, at this point the need for absolute equality between husband and wife vanishes and certain pragmatic considerations take over.

---

[2] It was the not inconsiderable experience of the author of this opinion in his years on the trial bench that in domestic relations litigation more often than not he was dealing with a bankrupt family—a situation usually brought on because of our too easy credit culture. In most of these cases, the stresses resulting from the economic chaos in which the family existed was a factor in the separation. Thus rather than wrestling with a problem of dividing property, he usually found himself acting as an informal, inadequate and very frustrated referee in bankruptcy. Seldom was there a serious problem in the division of assets. The real crunch was in deciding just who was going to pay Seaboard Finance.

[3] It will come as a pleasant surprise to the poor soul drowning in debt to find that he is now a "man of property."

Obligations, standing by themselves, are not property. It is not necessary to go back to Blackstone or Beowulf to observe that property is something of value. A debt is not. At this point, we are not dividing property in the usual sense of the word, we are attempting a just disposition of the responsibility for debts, liabilities and obligations which by their very nature are the complete antithesis of assets or property. Common sense would indicate that we should look to the respective abilities of the parties to pay these obligations. Thus, if one of the spouses has an earning capacity of $1,000 per month and the other has an earning capacity of $500 per month, it would be patently unjust to order the parties to pay the community debts equally. There is nothing in the Family Law Act to the contrary.

■ We construe the proper rule to be that if there are no assets to divide, only obligations, or after the equal division of the assets there remain obligations to be disposed of, the court has the discretion to order the payment of such obligations in a manner that is just and equitable, depending upon the respective earning capacities of the spouses and other relevant factors. When there are no assets, common sense would indicate that equal distribution of the obligations is not mandated either by Civil Code, section 4800, or California Rules of Court, rule 1242. The definition of property as "assets and obligations" cannot be tortured to mean simply "obligations."[4]

Judgment reversed as to that portion of the judgment purporting to divide the community property of the parties.

Kerrigan, J., and Tamura, J., concurred.

A petition for a rehearing was denied May 19, 1975.

---

[4]Civil Code, section 4358, is of little help in our problem. That section provides "In any proceeding under this part" the court may order one of the parties to pay an obligation "directly to the creditor." This section appears in the pendente lite section of the law and historically has been used in these proceedings to stave off hungry creditors on an emergency basis pending trial. (See *Bushman* v. *Superior Court*, 33 Cal.App.3d 177, 182-183 [108 Cal.Rptr. 765].) Obviously, if there are both assets and liabilities, this section cannot be used as a vehicle by which to frustrate the basic philosophy of equal distribution of property under the Family Law Act. Thus, we do not rely on this section in our decision in this case although that portion ordering payment directly to the creditors may be used by the court in effecting an equitable division of community obligations.