| 99 | 345 |
| 110 | 75 |
| 99 | 345 |
| 141 | 575 |

[No. 18113.   Department One.— August 18, 1893.]

SAN JOAQUIN LAND AND WATER COMPANY, RESPONDENT, v. F. M. WEST, DEFENDANT. JOHN L. BEECHER ET AL., APPELLANTS.

FINDINGS — RENDITION OF JUDGMENT — ENTRY OF JUDGMENT — MINISTERIAL ACT OF CLERK.— The decision of the court, consisting of the findings of fact and conclusions of law, given in writing and filed with the clerk, under section 632 of the Code of Civil Procedure, amounts in law to a rendition of the judgment, which the clerk can thereafter at any time enter at length in the records of the court as a ministerial act.

ID. — CORRECTION OF CLERICAL MISTAKE IN ENTRY OF JUDGMENT — LAPSE OF TIME. — When a mistake is made by the clerk in the entry of a judgment not authorized by the decision of the court, the error is apparent from the face of the record, and such mistake may be rectified at any time, by reason of the inherent power of the court over its own proceedings, although more than six months have elapsed from the entry of the judgment.

ID. — MAKING JUDGMENT BEAR INTEREST — AUTHORITY OF LAW — CORRECT ENTRY BY CLERK.— The insertion by the clerk of the court in a money judgment entered by him of the words, "with interest thereon at the rate of seven per cent per

annum from the date hereof until paid," is a proper ministerial act, authorized by law. although no authority therefor is found in the decision of the court, which should not contain any such adjudication, where there is no issue in the case as to the right of the plaintiff to have interest upon the judgment awarded; and a motion to correct the judgment by striking out such words is properly denied.

APPEAL from an order of the Superior Court of San Joaquin County refusing to strike out part of a judgment.

The facts are stated in the opinion of the court.

*E. S. Pillsbury,* and *W. L. Dudley,* for Appellants.

*Baldwin & Campbell,* and *S. D. Woods,* for Respondent.

GAROUTTE, J.—The present action involved the title and right of possession to a certain fund of money which was in the custody of the court pending the litigation. Upon the submission of the case the court filed its findings of fact and conclusions of law and ordered judgment to be entered in accordance therewith. The conclusions of law were: "Plaintiff is entitled to have and recover a judgment against the defendants, Beecher and Gray, for the sum of $35,861.25, together with its costs in this action." Subsequently defendants appealed from the judgment and an order denying them a new trial, the judgment and order were affirmed, and the aforesaid sum of money was paid to plaintiff. Thereafter it came to the notice of appellants that the judgment entered included an additional sum as interest, and a motion was made to the court to amend and correct the judgment as entered "by striking out so much thereof as reads as follows: 'with interest thereon at the rate of seven per cent per annum from the date hereof until paid,' upon the ground that such portion of said judgment was inserted therein by misprison, inadvertence, and mistake, and that the same is not meant or intended to form a part of or be inserted in said judgment; that said judgment is not supported or warranted, but, on the contrary, is expressly contrary and in direct opposition to the decision in writing, and the findings and conclusions of law heretofore made and filed in this action on the fourth day of August, 1890." The court made an order denying the motion upon the sole ground that it had no jurisdiction to make said amendment, and this appeal is prosecuted from that order.

Under section 632 of the Code of Civil Procedure, if the trial of a question of fact is involved, the decision of the court must be given in writing and filed with the clerk, and section 633 requires that in such decision the facts found and the conclusions of law must be separately stated and the judgment upon the decision must be entered accordingly. The "decision" of the court referred to in these sections, when filed, amounts in law to a rendition of the judgment. As was said in *Crim* v. *Kessing*, 89 Cal. 478; 23 Am. St. Rep. 491: "This was the rendition of the judgment which the clerk could thereafter at any time enter at length in the records of the court. The entry of the judgment after it had been rendered by the court is but the ministerial act of the clerk. The judgment when entered becomes the record of what the court has determined, and then becomes as binding upon the parties as if entered immediately upon its rendition. The rendition of a judgment is a judicial act. Its entering upon the record is merely ministerial." (Freeman on Judgments, sec. 381. See also *In re Cook*, 77 Cal. 227; 11 Am. St. Rep. 267, and *Broder* v. *Conklin*, 98 Cal. 360.)

In the present case if the clerk has been guilty of mistake by entering a judgment not authorized by the "decision" of the court, such mistake can be corrected by the course here adopted, for the error will be apparent from the face of the record, and the rule is universal that when a mistake is made in the entry of a judgment, and that fact is plainly apparent from the record itself, such mistake may be rectified at any time; and this rule arises by reason of the inherent power of the court over its own proceedings.

It was said in *Egan* v. *Egan*, 90 Cal. 21: "Courts have the power at all times to allow amendments to judgments for the purpose of having the judgment as entered express that which was rendered, so that the record will contain the actual decision of the court; and such amendments can be made after the expiration of six months from the entry of the judgment. Where the clerk fails to enter judgment as it was pronounced, the court has always the power to correct the matter and to order the proper entry to be made. Clerical misprisons can be corrected at any time by an order of the court, but judicial errors can be remedied only through a motion for a new trial or

an appeal." Neither does the fact that the judgment has been affirmed upon appeal by this court conclude appellant's right to have it conform to the truth. *Rousset* v. *Boyle*, 45 Cal. 64, was that kind of a case, and the decision of the court upon that question leaves nothing more to be said.

The foregoing principles of law being established, let us examine the facts to see wherein the mistake in the entry of judgment exists. The court rendered a judgment against defendants for a large sum of money and costs, and such judgment was full and complete, for it covered the whole subject-matter of litigation. No judgment for interest was asked in the complaint, and no interest was awarded. There was no issue in the case as to the right of plaintiff to have interest upon the judgment after it was rendered. No such issue could possibly arise, and consequently the "decision" of the court should not contain any such adjudication. It follows that the mere fact of the entry of the interest clause in the judgment, without such authority being found in the decision of the court, in no way proves such entry to be a clerical mistake. Even if such clause was stricken from the judgment entered, it is not clear that execution for interest would not run. But aside from this, the judgment was a pure money judgment, and the law says such judgment draws interest at the rate of seven per cent per annum. We think it was the duty of the clerk to enter the judgment exactly as it was entered, and his insertion of the interest clause therein was an exercise of a ministerial duty under the law. It may be further suggested that we see nothing but fairness and equity in charging these defendants with interest upon the judgment. For many months they prevented plaintiff from obtaining possession of its money, and the law declares that legal interest is the true measure of damages in such a case.

For the foregoing reasons, let the order be affirmed.

HARRISON, J., and BEATTY, C. J., concurred.