[Civ. No. 13383. Second Dist., Div. Two. Nov. 7, 1941.]

KATHRYN McNABB, Respondent, v. JAMES McNABB, Appellant.

Robert J. Donovan for Respondent.

A. W. Brunton for Appellant.

SCOTT (R. H.), J. *pro tem.*—Defendant appeals from an order for the issuance of an execution to collect unpaid amounts which had been ordered for the support of a minor child, together with interest thereon, and from a further order temporarily restraining him from disposing of his property.

The parties to this action were formerly husband and wife, and at the time of the divorce in 1935 their daughter was less than two years old. The custody of the child was awarded to plaintiff, the mother, with right of reasonable visitation

to defendant. He was ordered to pay for the support of the child the sum of $40 per month for the first three months and $50 per month thereafter. Plaintiff at that time apparently thought that she should give her attention to the child rather than to attempt to secure employment, and since the payments by defendant were intended to be and were sufficient only for the child it seemed necessary for plaintiff to take the child and return to her parents' home in Spokane, Washington, which she proceeded to do shortly after securing the divorce. For over five years plaintiff thus lived outside of California. Defendant visited the child three times during this period but failed to respond to a letter from plaintiff suggesting that the child pay him an extended visit. Feeling aggrieved or indifferent because the child was no longer close at hand, he stopped making the payments for the child which had been ordered by the court, but made no application to have the payments discontinued or reduced.

In November, 1940, plaintiff returned to California. She filed an affidavit and, after a court hearing, secured the issuance of an execution under Code of Civil Procedure, section 685, covering arrearages for the last five years only, which the court later extended to include amounts accruing before the five year period. Still later the court amended the order *nunc pro tunc* by adding interest on the amounts theretofore accrued. Defendant was restrained from disposing of his property so as to make effectual the levy thereon when execution was issued.

Defendant first questions the propriety of the trial court's order for the issuance of an execution. He urges that plaintiff was in contempt of court in taking the child outside of this jurisdiction even though no order forbidding her to do so was ever made, and further suggests that by depriving him of the opportunity for companionship with his child plaintiff had forfeited any right to collect the payments ordered. It is not claimed that defendant has not at all times been able to make the payments as ordered, and it is evident from the record before us that it was and is his duty to support the minor child of the parties. The order was made for the benefit of the child, not of the plaintiff. If defendant had made timely application the court might have inquired into the necessity for keeping the child out of this jurisdiction, and if it appeared that defendant need-

lessly was being deprived of the right to see his child it might have given consideration to steps to induce plaintiff to return the child to this jurisdiction. The conduct of plaintiff in removing the child to her parents' home, where both she and the child could receive adequate care and where plaintiff could provide the undivided attention so essential to the child's welfare, does not appear to have been induced by a wilful indifference to defendant's paternal love or by a desire to estrange the child from him.

It doubtless would have been wiser for the plaintiff to have sought authorization of the court before removing the child from this jurisdiction, thus enabling defendant to offer additional support to plaintiff or to make such showing as he might deem proper in opposition to her plan to seek temporary residence elsewhere. Her failure to seek such authorization was not in violation of any order of the court. While the law is solicitous of parental rights and will appropriately safeguard and enforce even that pathetic remnant of a once happy relationship which is called "the right of reasonable visitation," no case has been brought to our attention which places that right of a deprived parent above the right of the child to have necessary maintenance, the security of an adequate home and where possible, especially during the tender pre-school years, the daily companionship of a mother. In the case of *MacPherson* v. *MacPherson,* 13 Cal. (2d) 271 [89 Pac. (2d) 382], cited by appellant, it is true that the court denounced contemptuous conduct and denied relief to an offending party, but it must be borne in mind that in that case the court was considering only an appeal from provisions of an order relating to attorney's fees and costs, and based on a different set of facts, and does not authorize an inference that plaintiff in this case is in contempt of court or that her conduct should deprive the child of the maintenance which the court had ordered. Since both plaintiff and the child were within the jurisdiction of the court when this order which is now appealed from was made, defendant was not precluded from applying for such modification of the order as he deemed requisite either to safeguard his right of further visitation or to adjust the payments for the support of the child to conditions as they now exist.

When we consider defendant's objection that the affidavit which was filed in support of these proceedings did

not sufficiently excuse the delay in securing the execution, as required by section 685 of the Code of Civil Procedure, we find that the affidavit sets forth that plaintiff could not locate any property of defendant to enforce payment because she was out of the state and lacked sufficient funds. We cannot say that it was an improper exercise of the trial court's discretion under the circumstances of this case to regard this excuse as sufficient. Section 685 of the Code of Civil Procedure provides in part: ''The failure to set forth such reasons as shall, in the discretion of the court, be sufficient, [to excuse the delay] shall be ground for the denial of the motion.'' ■ The discretion referred to in this section is not a capricious or arbitrary discretion, but an impartial discretion, guided and controlled in its exercise by fixed legal principles and intended to subserve and not to impede or defeat the ends of substantial justice. If, on appeal, it be doubtful whether the excuse offered is sufficient or not the judgment of the trial court will not be disturbed, and its decision will not be reversed except for a clear abuse of discretion. (*McClelland* v. *Shaw*, 23 Cal. App. (2d) 107 [72 Pac. (2d) 225].) The allegations in the affidavit were ample to support the ruling of the lower court.

■ The amendment *nunc pro tunc* of the order for issuance of execution so as to include interest on the amounts accrued as provided by section 682 of the Code of Civil Procedure was merely to correct the court's calculation of the amount due under the judgment and was not a change in the judgment itself. ■ It was not necessary for the original judgment of the trial court, made at the time of the divorce action, to include provision for interest on the amounts as they accrued, although it might properly have done so. (*Huellmantel* v. *Huellmantel*, 124 Cal. 583 [57 Pac. 582].) The inclusion of interest on the judgment was a ministerial act to be performed by the clerk. (*San Joaquin L. & W. Co.* v. *West*, 99 Cal. 345 [33 Pac. 928]; Code Civ. Proc., sec. 1033.) It was not necessary for him to include provision for interest in the terms of a judgment such as this where he knew that plaintiff had a right to enforce it not only by issuance of an execution but also by contempt proceedings and where he would not know whether there were any amounts unpaid on which interest should be calculated until some proceeding such as this was instituted

to enforce the judgment. In this case it was sufficient and proper for the court to include interest at the time of the order for issuance of execution.

 As to defendant's protest concerning the restraining order which he claims should not have been made in connection with a proceeding under Code of Civil Procedure, section 685, and which he asserts is too general in it terms, we note that in the order dated February 6, 1941, the following record appears: "and it having been stipulated in open court by the respective counsel that the bank account of defendant be released from the restraining order theretofore made, but that said restraining order otherwise was to remain in full force and effect, and the court having so ordered . . . " Since defendant has thus voluntarily acquiesced in that part of the restraining order which remains in effect, it appears that a discussion of the matter is unnecessary.

Orders affirmed.

Wood, Acting P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 29, 1941.