[Civ. No. 37921. First Dist., Div. Four. July 21, 1976.]

In re the Marriage of MARILYN IRIS and MARVIN DALE HOFFEE.
MARILYN IRIS HOFFEE, Appellant, v.
MARVIN DALE HOFFEE, Respondent.

COUNSEL

Robert S. Sturges for Appellant.

Morgan, Beauzay, Hammer, Ezgar, Bledsoe & Rucka and Eleanor M. Kraft for Respondent.

OPINION

**CHRISTIAN, J.**—Marilyn Iris Hoffee (hereinafter "wife") appeals from an order denying her requests that Marvin Dale Hoffee (hereinafter "husband") be compelled to execute an assignment of wages to secure payment of support arrearages and to pay interest on the arrearages which have accrued according to the terms of a decree of marital dissolution. No contention has been presented concerning the request that an assignment of wages be compelled.

The decree of dissolution ordered husband to pay wife alimony and child support. Thereafter the obligation to pay alimony was terminated, but there is a continuing obligation to pay child support. It is undisputed that there are arrearages on the judgment and that husband has not been paying interest on the judgment.

Wife contends that under California Constitution article XX, section 22, she is entitled to receive interest at the legal rate of 7 percent on all amounts due under the judgment. Husband contends that in a marital cause the award of interest on the judgment is discretionary with the court.

Code of Civil Procedure section 1033 provides that the clerk or judge *must* include in the judgment "entered up" any interest on the judgment "from the time it was rendered or made, . . ." The question is

whether section 1033 applies to all judgments calling for the payment of money, or only to judgments rendered in civil actions for damages. In *Wuest* v. *Wuest* (1945) 72 Cal.App.2d 101, 112 [164 P.2d 32], a marital cause, the court applied section 1033, holding: "A judgment bears interest from its date unless the contrary appears. (Code Civ. Proc., § 1033; *McNabb* v. *McNabb,* 47 Cal.App.2d 623, 627 [118 P.2d 869].)" (To the same effect, see *Huellmantel* v. *Huellmantel* (1899) 124 Cal. 583, 589 [57 P. 582].) Similarly, in *Bellflower City School Dist.* v. *Skaggs* (1959) 52 Cal.2d 278, 280 [339 P.2d 848], involving an interlocutory judgment in a condemnation action, interest was held to be payable on the interlocutory judgment. Citing *Glenn* v. *Rice* (1917) 174 Cal. 269, 275-276 [162 P. 1020], the court declared the general rule that all civil judgments bear interest from the date of entry. In *McNabb* v. *McNabb* (1941) 47 Cal.App.2d 623, 627-628 [118 P.2d 869], while not explicitly declaring that interest was necessarily an incident to any judgment for child support payments, the court held that the clerk need not include a computation of interest in the divorce judgment ordering the husband to pay support payments for a minor child. The clerk would not know whether there were any unpaid amounts, on which interest should be calculated, until proceedings were taken to enforce the judgment. Citing *San Joaquin L. & W. Co.* v. *West* (1893) 99 Cal. 345 [33 P. 928], the court said that the inclusion of interest on a judgment was a "ministerial act."

Husband would distinguish *McNabb* v. *McNabb, supra,* 47 Cal.App.2d 623, on the ground that there the trial court was not required to award interest, and the appellate court only upheld an exercise of discretion. Husband relies principally on *Anderson* v. *Anderson* (1954) 129 Cal.App.2d 403, 411 [276 P.2d 862], which did concern support payments. An award of interest on such payments was upheld, but the court employed language from *Leonard* v. *Huston* (1954) 122 Cal.App.2d 541, 547, in suggesting that it was within the discretion of the court to grant or to withhold interest. *Leonard* v. *Huston, supra,* was a quiet title action in which an executory agreement for the purchase and sale of land was in contention. Prejudgment interest was involved, under then Civil Code sections 1917 (since repealed) and 3287 (since amended). Section 3287, which concerns judgments based upon contract causes of action, is inapplicable here. *Leonard* v. *Huston* is also unrelated to interest on a past judgment and is therefore not applicable either to the situation involved in *Anderson* v. *Anderson, supra,* or to the present case.

A review of the cases concerned with interest on money judgments discloses a consistent series of holdings that all money judgments draw

interest. The dictum in *Anderson* v. *Anderson, supra,* 129 Cal.App.2d 403, which would exclude marital judgments from the general rule, is contrary to the holding of the California Supreme Court in *Huellmantel* . v. *Huellmantel, supra,* 124 Cal. 583.

The order is reversed with directions to enter a new order allowing interest on arrearages at the legal rate.

Caldecott, P. J., and Emerson, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.