[Civ. No. 37787. First Dist., Div. One. Nov. 18, 1976.]

In re the Marriage of ELIZABETH L. and RICHARD W. TAMMEN.
ELIZABETH L. TAMMEN, Respondent, v.
RICHARD W. TAMMEN, Appellant.

**COUNSEL**

Trembath & McCabe, James R. Trembath, Bryce C. Anderson and Belan K. Wagner for Appellant.

John R. Forde, Jr., and Owen L. Murray, Jr., for Respondent.

**OPINION**

**ELKINGTON, J.**—The instant appeal is taken by Richard W. Tammen (hereafter for convenience, "Richard") from an interlocutory judgment of dissolution of his marriage to Elizabeth L. Tammen (hereafter for convenience, "Elizabeth"). The issues relate only to the division of the parties' community property.

The community property awarded Elizabeth approximated 79 percent of the whole. To equalize the division the judgment ordered Elizabeth to execute and deliver to Richard a promissory note for $19,820.80 bearing simple interest at 7 percent, secured by a second trust deed on the major item of community property, the family residence which had been awarded to her. The note's principal, and all interest to accrue thereon, were to be payable "upon the expiration of ten years from the date thereof, upon the wife's remarriage, the sale of said real property, voluntarily refinancing by her, upon her ceasing to use or occupy the same as a family residence, or upon her death, whichever event shall first occur."

Richard contends that this arrangement is inequitable and unfair, and that the value of the promissory note is far less than that of the offsetting $19,820.80 of community property taken by Elizabeth.

We find ourselves in agreement, and for the reasons we now state.

■ Civil Code section 4800, subdivision (a), provides that upon dissolution of a marriage, the court shall *"divide the community property . . . of the parties . . . equally."* (Italics added.) Under this statute "clearly the ideal is a mathematically equal division." (*In re Marriage of Juick*, 21 Cal.App.3d 421, 427 [98 Cal.Rptr. 324].) And to assure such an equal division the trial court must make findings of fact as to the nature and value of the specific items of community property of the parties. (*In re Marriage of Lopez*, 38 Cal.App.3d 93, 107 [113 Cal.Rptr. 58].)

Civil Code section 4800, subdivision (b)(1), provides that: "(b) Notwithstanding subdivision (a), the court may divide the community property and quasi-community property of the parties as follows: (1) Where economic circumstances warrant, the court may award any asset to one party on such conditions as it deems proper to effect a substantially equal division of the property."

Under this provision it is contemplated that where a major item of community property not reasonably subject to division is awarded one party, the other shall be compensated in some manner so as to maintain the required equal division.

■ In the case at bench Elizabeth was awarded community property, including the family home, as a result of which she received $19,820.80 more than an equal division. In order that the division be equalized according to Civil Code section 4800, it became necessary that the court attach a condition to that award in order "to effect a substantially equal division of the [community] property." The condition decided upon was the above-mentioned promissory note.

The issue presented to us is whether, as a matter of law, the promissory note was worth substantially less than its face value of $19,820.80.

The note was a promise to pay money at a future time, which promise was secured by a deed of trust on real estate. It was "essentially a security" (*Bk. of America, etc. v. Bk. of Amador Co.,* 135 Cal.App. 714, 719 [28 P.2d 86]), and as with securities generally it had a value. That value was its "market value" (*Bagdasarian v. Gragnon,* 31 Cal.2d 744, 752-753 [192 P.2d 935]; *Bullock's, Inc. v. Security-First Nat. Bk.,* 160 Cal.App.2d 277, 281-282 [325 P.2d 185]), which means "the price or value of the article as established or shown by sales in the way of

ordinary business" (*Sackett* v. *Spindler,* 248 Cal.App.2d 220, 236 [56 Cal.Rptr. 435]; *S. P. Mill. Co.* v. *Billiwhack etc. Farm,* 50 Cal.App.2d 79, 88 [122 P.2d 650]).

It is a matter of common knowledge, subject to the judicial notice of the superior, and this, court that deeds of trust are bought and sold in the course of ordinary business. (See Evid. Code, § 451, subd. (f).)

It is observed that the promissory note of the case at bench was secured by a second deed of trust subject to a first such lien for $18,497.12. Realization of the money was long deferred. Neither its interest nor principal was payable for 10 years, except upon the uncertain contingencies that have been pointed out. There were attending considerations of probable inflation upon the value of the security, as well as the need for its owner to be alert, and able, to protect it against foreclosure of the senior deed of trust, and perhaps tax and other liens.

We have, and we are furnished with, no certain information concerning the market value of such a promissory note. But its face value would most certainly be discounted by the inferiority of its security, the long and uncertain deferment of its enjoyment, the probable effect of inflation upon it, and the concerns of its ownership. We share the common knowledge, and accordingly take judicial notice (see Evid. Code, § 451, subd. (f)), that it would at least be substantially less than its face value.

It follows that the community property of the parties was not divided equally, according to the mandate of Civil Code section 4800.

Other complaints of Richard appear valid. Community property furniture in Elizabeth's possession was assigned to her at a value of $1,500 despite the only evidentiary estimates of $3,077 and $3,590. The evidence indicates that Richard was twice charged for community property in his possession, and that he was also charged the full amount ($5,000) of deferred salary paid him after separation, instead of the amount (after lawful deductions) actually paid him.

Elizabeth also, although she has not appealed, contends error in the community property division. She argues that the superior court awarded Richard, as community property valued at $2,500, corporate stock which he admitted was "now worth ten times that," and that the evidence conclusively established that he had deliberately misappropriated community property.

The several awards of community property and their respective values appear to be closely interrelated. We are therefore of the opinion that principles of equity and justice require that the cause should be remanded for retrial of all issues relating to the value, and the disposition, of the community property.

For the guidance of the superior court upon the retrial we pass upon yet another point raised by Richard.

■ Pursuant to a pendente lite spousal and child support order, Richard paid Elizabeth $6,400. At the trial he testified that these sums were paid out of community property held by him, and not from his current earnings. He contends that he is entitled to an appropriate credit on account of the community property so paid.

Civil Code section 4805, as in effect until January 1, 1975, provided:

"In the enforcement of any decree, judgment or order rendered pursuant to the provisions of this part, the court must resort:

"(a) To the community property; then,

"(b) To the quasi-community property; then,

"(c) To the separate property of the party required to make such payments."

Effective January 1, 1975, section 4805 was amended by adding thereto the clause which we have emphasized, as follows:

"In the enforcement of any decree, judgment or order of support rendered pursuant to the provisions of this part, the court shall resort:

"(a) *To the earnings, income, or accumulations of either spouse, while living separate and apart from the other spouse, which would have been community property if the spouse had not been living separate and apart from the other spouse; then,*

"(b) To the community property; then,

"(c) To the quasi-community property; then,

"(d) To the other separate property of the party required to make such payments."

By virtue of Civil Code section 5118, as amended 1971: "The earnings and accumulations of a spouse . : ., while living separate and apart from the other spouse, are the separate property of the spouse."

It follows that support payments made by Richard for which he became obligated prior to January 1, 1975, were chargeable to the community property and those for which he became obligated after that date, to his separate earnings, income or accumulations.

In this opinion we have ruled only upon two issues of law. We have held that such a promissory note as was ordered delivered by Elizabeth to Richard was in noncompliance with the equal division requirement of Civil Code section 4800. And we have determined the effect of the former, and the amended, Civil Code section 4805 upon such payments of spousal and child support as may have been paid with community funds held by Richard. In all other respects the cause will be set at large for retrial and redetermination of the issues relating to the value, and the disposition, of the parties' community property. And, of course, if the superior court shall find community property to have been deliberately misappropriated by Richard it may, in its discretion, apply the sanction of Civil Code section 4800, subdivision (b)(2).

The judgment is reversed, and the superior court will take further proceedings not inconsistent with our opinion.

Molinari, P. J., and Weinberger, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied January 13, 1977.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.