[Civ. No. 24362. Fourth Dist., Div. One. Sept. 29, 1981.]

ALEJANDRO M. BADILLO, Plaintiff, Cross-defendant and Appellant, v.
ALEJANDRO BADILLO, JR., as Administrator, etc., et al., Defendants, Cross-complainants and Respondents.

## COUNSEL

Gilbert & Hyde and John H. Gilbert, Jr., for Plaintiff, Cross-defendant and Appellant.

David Leung for Defendants, Cross-complainants and Respondents.

## OPINION

**BROWN (Gerald), P. J.**—Plaintiff Alejandro M. Badillo appeals a judgment denying his action to quiet title to certain real property and ordering partition of the property.

Alejandro M. and Alicia Badillo were married in 1948. In 1963 they bought a residence, holding title as "joint tenants." In April 1970, Alicia petitioned for divorce. The petition listed the residence as part of the property subject to disposition by the court. The petition sought child custody and support, spousal support, and determination of the parties' property rights "as provided by law." Alejandro was personally served with summons and petition. Alicia later filed a request to enter default. An interlocutory judgment was granted on November 3, without objection by Alejandro.

The interlocutory judgment divided the community property and obligations as follows: the family furniture, worth $200, went to Alicia; the family car, worth $200 went to Alejandro; each party was given one-half interest in the current equity in the family residence ($2,327.50 each); and each remained obligated to pay one-half of the community debts ($819.37 each). The judgment specifically classified the residence as community property. Alicia was awarded exclusive use and occupancy of the residence. Alejandro was to receive his equity interest

($2,327.50) when the property was eventually sold. Any amount realized by sale in excess of the community equity in the house ($4,655) was to be the separate property of Alicia. Alejandro was ordered to pay a specified amount semimonthly in support of the three minor children and Alicia. He was also to pay Alicia's half of the marital obligations "as additional child support." On January 14, 1971, the superior court entered a final judgment dissolving the marriage.

In 1979, Alicia died intestate leaving her five children (by Alejandro) as heirs at law. Alejandro Badillo, Jr., was appointed administrator of his mother's estate. The residence is the bulk of the estate. On January 21, 1980, Alejandro (the father) sued to quiet title of the residence, claiming he had survivorship rights in a joint tenancy between Alicia and himself. The defendants, Alejandro Jr., as administrator, and the five children, as heirs of Alicia, cross-complained for partition of the property. The parties stipulated to the facts and agreed to limit the evidence to the interlocutory judgment, the documents on file regarding the dissolution and the joint tenancy grant deed. The court denied the action to quiet title and granted the partition.

Alejandro claims the trial court erred in using the default divorce judgment to estop the action to quiet title. He argues: A default judgment in excess of a petitioner's prayer is void because it exceeds the court's jurisdiction (Code Civ. Proc., § 580; *Burtnett* v. *King* (1949) 33 Cal.2d 805, 808 [205 P.2d 657, 12 A.L.R.2d 333]). Alicia prayed for disposition of the property "as provided by law." The law requires equal division of community property (Civ. Code, § 4800). The division of the property in the Badillo divorce was unequal because Alejandro did not receive any dispensation for foregoing receipt of his equity interest in the residence until Alicia elected to sell. (See *In re Marriage of Herrmann* (1978) 84 Cal.App.3d 361, 366 [148 Cal.Rptr. 550].) Because the award was in excess of Alicia's legal entitlement (and thus her prayer), he concludes the judgment is void as to the disposition of the residence and cannot be used as a final determination of the parties' rights in the property.

Alejandro's premises are correct, however, his conclusion is not.

The residence was listed in Alicia's petition as subject to disposition by the divorce court. Alejandro was thus notified of the court's jurisdiction over it. According to Civil Code section 4800, subdivision (b)(1), the court could "award any asset to one party on such conditions as it

deems proper to effect a substantially equal division of the property." This provision contemplates an award of the family residence to one party (especially when the residence constitutes the bulk of the community property), with an offsetting compensation to the other party (*In re Marriage of Tammen* (1976) 63 Cal.App.3d 927, 930 [134 Cal.Rptr. 161]). Alejandro is not attacking the jurisdiction of the court to dispose of the property. (*Cf. Burtnett* v. *King, supra*, 33 Cal.2d 805, 808.) Instead, he questions the value of his offset, receipt of which is deferred until the residence is sold.

Alejandro argues the court's undervaluation of his offset allowed Alicia more relief than demanded in her complaint (Code Civ. Proc., § 580). However, section 580 applies to the extent of the relief to be granted. (See *O'Brien* v. *Ballou* (1897) 116 Cal. 318, 324 [48 P. 130].) The relief awarded is within the scope of the prayer for disposition of property "according to law," even though the offset failed to comply with Civil Code section 4800. The error is subject to reversal or modification on appeal, but is not void or subject to collateral attack (*Cohen* v. *Cohen* (1906) 150 Cal. 99, 102 [88 P. 267]; *Ex parte Weiler* (1930) 106 Cal.App. 485, 488 [289 P. 645]). Alejandro is 10 years late in his appeal. The divorce judgment is final and valid.

Alejandro may be collaterally estopped by a property settlement in a default divorce judgment if he was personally served with summons and there was an express finding as to the nature of the property interest (*Estate of Williams* (1950) 36 Cal.2d 289, 297 [223 P.2d 248, 22 A.L.R.2d 716]). In his action to quiet title, Alejandro is estopped from asserting rights in the residence beyond the $2,327.50 equity interest awarded him by the divorce court.

Alejandro claims the trial court in the quiet title action failed to comply with rule 232 of the California Rules of Court. His argument is unclear and unsupported by the record.

The judgment is affirmed.

Cologne, J., and Staniforth, J., concurred.