[No. A017682. First Dist., Div. One. June 19, 1984.]

In re the Marriage of BRIGITTE E. and ERHARD W. TEICHMANN.
BRIGITTE E. TEICHMANN, Appellant, v.
ERHARD W. TEICHMANN, Respondent.

**COUNSEL**

Sidney L. Berlin, Elaine B. White, Berlin, Durkin & White and Berlin, Goodman & Durkin for Appellant.

Rosemary Phipps Pfeiffer and Corey, Orton & Luzaich for Respondent.

**OPINION**

**RACANELLI, P. J.**—In this appeal we are asked to decide whether a spouse is entitled to interest on a community property award when payment is delayed without fault of the parties. We conclude that no legal basis exists for such entitlement, and we affirm the order after judgment striking cost bill.

FACTS

The facts are presented by way of a settled statement:

Following a lengthy marriage the parties obtained an interlocutory judgment of dissolution under which terms husband was awarded a business

partnership interest and profit sharing plan, and the family residence ordered sold with wife to first receive payment of $89,000 from the net sales proceeds "to balance the division of the community assets" and, after reimbursement to husband of $3,100 for payment of community obligations, the remaining net balance to be "divided equally between the parties, thereby effectuating an exactly equal division of the community property."

Thereafter, the residence was promptly listed for sale. Due to unfavorable market conditions, the property was not sold until January 16, 1982, over 19 months from the date of the order of distribution. In the interim, wife continued to live in the residence and to maintain its upkeep and the monthly mortgage payments.

After the sale, wife filed a cost bill requesting accrued interest in the sum of $10,282.98 computed at the rate of 7 percent on the $89,000 award from the date of the entry of the interlocutory judgment. Following a contested hearing, the trial court ordered the cost bill stricken.

On appeal, wife raises the single issue of her entitlement to interest on the deferred payment of her community property award on alternative theories of (1) equal division of the community property required under the Family Law Act, and (2) postjudgment accrued interest. We discuss the novel contentions in the order presented.

## I. *Equal Division of Community Property*

█ Relying on well established principles that community property must be divided equally between the parties (Civ. Code, § 4800, subd. (a)) in an attempt to obtain an ideal "mathematically equal division" (*In re Marriage of Juick* (1971) 21 Cal.App.3d 421, 427 [98 Cal.Rptr. 324]; accord *In re Marriage of Tammen* (1976) 63 Cal.App.3d 927, 930 [134 Cal.Rptr. 161]), wife argues that in the absence of the requested allowance of interest on her community property award, she is effectively deprived of an immediate property division of equal value.[1]

While the parties do not cite—nor have we independently discovered—any California cases squarely on point, we may usefully consult other decisions involving parallel factual contexts.

Decisions which have considered issues of deferred enjoyment of community property awards reflect individualized results tailored to specific

---

[1]The inequality occurs, wife reasons, from the circumstance that although husband received the immediate benefits of his award of community property, she obtained no commensurate economic benefit in the deferred payment award.

circumstances. Thus, in *In re Marriage of Tammen, supra,* 63 Cal.App.3d 927, 930-931, we invalidated the use of a 10-year "equalizing" promissory note awarded to husband (secured by a second deed of trust on the family residence awarded to wife) concluding that the lengthy deferral of payment, together with attending economic contingencies, deprived husband of an equal share of the community property contrary to the mandate of Civil Code section 4800. In reaching our determination, we stressed the likely "economic reduction" of the face value of the note due to foreseeable effects of inflation, junior security and the extended maturity date for payment of principal and interest. (*Id.,* 63 Cal.App.3d at p. 931.)

In *In re Marriage of Hopkins* (1977) 74 Cal.App.3d 591 [141 Cal.Rptr. 597], the court similarly found an abuse of discretion in the use of an (apparently) extended term promissory note to equalize the division of property where "economic circumstances" justifying such technique were not shown. (Civ. Code, § 4800, subd. (b)(1).) The court also reasoned—in part—that the note was "fatally defective" due to the low interest rate and the absence of a conventional acceleration provision. (*Id.,* at pp. 597-598.)

In contrast, *Tammen* was distinguished by another division of this court in *In re Marriage of Slater* (1979) 100 Cal.App.3d 241 [160 Cal.Rptr. 686], upholding the award of an equalizing note due in five years with interest payable annually at the rate of 10 percent. The court there determined that since the note bore an adequate rate of interest and was otherwise fully secured, the five-year due date was "not a long and uncertain deferment of the wife's enjoyment of the award." (*Id.,* at p. 248; see also *In re Marriage of Fink* (1979) 25 Cal.3d 877, 888 [160 Cal.Rptr. 516, 603 P.2d 881] [six-month note bearing interest at 7 percent per annum was not defective; *Tammen* and *Hopkins* distinguished on basis of lengthy terms and below-market rates].)

In a related line of cases involving the custodial parent's exclusive possession of the family home together with an order for future sale and division of the proceeds, the courts have generally approved such conditional awards and delayed payments provided that the trial courts retain jurisdiction to assure equitable division upon such future sale. (*In re Marriage of Boseman* (1973) 31 Cal.App.3d 372, 376-378 [107 Cal.Rptr. 232]; see *In re Marriage of Herrmann* (1978) 84 Cal.App.3d 361 [148 Cal.Rptr. 550].) These cases suggest that in order to effect an equal division, the payee spouse should be compensated for the loss of use of the deferred payment when the payor spouse has enjoyed the exclusive use of the asset prior to sale. (*Id.,* 84 Cal.App.3d at p. 367; *In re Marriage of Boseman, supra,* 31 Cal.App.3d at p. 379.)

However, in the case before us, husband retained neither the beneficial use of wife's $89,000 share nor an equal right of possession of the family home. Instead, the terms of the judgment granted wife exclusive enjoyment of the home during the 19-month interval with equal participation in any appreciation in value at the time of sale. Thus, at the time of actual distribution of the sales proceeds, wife received $89,000 in value *plus* a proportionate share of the increased equity. Under such circumstances, it cannot be said that the delay in payment resulted in an unequal division justifying an award of interest.

■ Of greater significance, wife's claim of unequal division is essentially an attack on the interlocutory order dividing the community property. Yet wife made no timely request for a protective order as a result of the foreseeable delay in the sale. Since no appeal was taken from the June 1980 judgment, it is now final (Code Civ. Proc., § 904.1, subd. (j); Cal. Rules of Court, rule 2); accordingly, wife's present objection to the order of distribution of community property comes too late. (Cf. *In re Marriage of Slater, supra,* 100 Cal.App.3d 241 [no error in failing to allow for future tax consequences in absence of immediate liability].)

## II. *Interest on Money Judgment*

■ Wife's alternate theory of recovery rests on an assumption that her $89,000 award constitutes a money judgment which draws interest at the legal rate from date of entry of judgment. (Code Civ. Proc., § 1033.)

The theory is legally insupportable. The cases upon which wife relies are fundamentally distinguishable. In each instance the recipient spouse was to receive payments directly from the other spouse. (E.g., *McNabb* v. *McNabb* (1941) 47 Cal.App.2d 623, 627 [118 P.2d 869] [execution to collect unpaid child support]; *Wuest* v. *Wuest* (1945) 72 Cal.App.2d 101, 111-112 [164 P.2d 32] [interlocutory judgment modified to provide instalment payments of community property]; see also *In re Marriage of Hoffee* (1976) 60 Cal.App.3d 337 [131 Cal.Rptr. 637] [payment of arrearages of spousal and child support].) Wife's award of $89,000 herein was neither due nor payable by husband but was to be distributed to her from the net proceeds of the eventual sale. Indeed, husband himself was subject to a similar delay in payment of his *pro tanto* share of community property from the same source of funds.

In reality, the present circumstances are analogous to a partition proceeding in which the statutory scheme provides for reimbursement of out-of-pocket expenditures plus interest (see Code Civ. Proc., §§ 874.020, 874.030, 874.050) but makes no allowance for an award of postjudgment

interest for the intervening period prior to sale. (Cf. *Pista* v. *Resetar* (1928) 205 Cal. 197 [270 P. 453].) The reason underlying such nonentitlement is apparent: since there exists neither a money judgment nor judgment debtor, no recoverable interest could or did accrue.

### CONCLUSION

For all of the above reasons, we conclude that wife is not entitled to interest as claimed.

The order or judgment appealed is affirmed.

Elkington, J., and Holmdahl, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 15, 1984.